## JOHN C. INGE *v.* POLICE JURY OF TENSAS.

The report of the jury of freeholders appointed by the Police Jury, under the Act of the Legislature "relative to the building of levees in the parish of Tensas," to estimate the amount of damage that may be done to a proprietor where a new levee is to be built, and also the benefit that may arise from the construction of the levee, is conclusive against the Police Jury, unless it is contested upon the ground of error or fraud. But to render it conclusive the formalities of the law must be strictly complied with.

The prescription of one year against actions arising from offences and quasi-offences is not applicable to an action for damages for the partial destruction of property occupied by the construction of a levee under legal authority.

APPEAL from the District Court of the Parish of Tensas, *Farrar, J.* P. *Alexander*, for plaintiff. *T. P. Farrar*, for defendant and appellant.

COLE, J. This action is based upon the eighth section of the Act of the 16th

of March, 1848, " relative to the building of levees in the parish of Tensas, and to create a special fund for levee purposes." Sess. Acts 1848, p. 160, § 8.

The section reads thus: Be it further enacted, &c., " that whenever it shall be necessary to make a new levee in the parish of Tensas, and the person or persons on whose lands the same may be laid off shall feel themselves aggrieved or injured thereby, said Police Jury shall appoint a jury of five disinterested freeholders of a different-levee ward, who shall examine on oath and report to said Police Jury the amount of damage that may be done the complainant, and the benefit also that may arise from the construction of the levee, and if it appear that the amount of damage is greater than the benefit accruing, the difference shall be paid out of the levee fund within a reasonable time after the report of said jury."

It being necessary to construct a new levee on the plantation of plaintiff, the Police Jury of Tensas appointed a committee, or jury, to examine and report the damage sustained by plaintiff in the location and construction of the same.

The jury, before acting, took an oath to faithfully examine and report to the Police Jury the amount of damage, and also " the benefits" that might arise from the construction of the levee in front of the plantation of plaintiff.

Their report was as follows:

" The undersigned, appointed as a committee by the Police Jury of the parish of Tensas, to assess the damages and the benefits to the plantations of *McCall* and *Inge*, report: that *Duncan McCall* shall be entitled to the payment from the said Police Jury, to the amount of $25 per acre, from the base of the old levee to the base of the new levee, in front of the plantation of said *McCall ;* and that *John C. Inge* is entitled to the same payment per acre, from the base of the old levee to the base of the new levee, recently built, extending from the line of *Mc-Call* and *Inge* to a point a short distance below said *Inge's* house, to where it connects with the old levee."

The number of acres for which damages were due under this report was determined by a survey of the land by the parish engineer. The report was rejected by the Police Jury, and the jury were discharged.

Plaintiff afterwards instituted this suit.

It was tried before a jury, who agreed upon a verdict for one thousand and fifty dollars, being the amount due at $25 per acre for the number of acres found by the survey.

The Police Jury appealed from the judgment upon the verdict.

The judgment is erroneous. The report was properly rejected by the Police Jury, because the proceedings did not accord with the requirements of the statute of the 16th March, 1848.

The eighth section instructs the Police Jury to appoint a jury of freeholders to examine and report, not only the damage, but also the benefit that may arise from the construction of the levee. The Police Jury, however, appointed a jury to examine and report only the damage. They were, therefore, not authorized to value the benefit.

It is true that the jury took an oath to examine and report the damage and also the benefit, and in their report, they designate themselves as the committee appointed to assess the damages and the benefits, but they do not, in their report, state separately the amount of damage and that of the benefit, but, only, that plaintiff is entitled to twenty-five dollars per acre.

Their report ought to have complied with the law, so that it would have been patent upon it, that the benefits as well as damages had been maturely considered,

and also that no arithmetical mistake had been made in the calculations which produced the difference for which the Police Jury were responsible.

Besides, the jury might erroneously estimate the damages, but not the benefits; but when they are not separately specified, it deprives the Police Jury of the ability of properly contesting the report, and of showing the particular error made by them, either in the estimate of the damages, or of the benefits, or of both.

The report of the jury is, under the statute of 16th March, 1848, conclusive against the Police Jury of the amount of damage and of benefits arising from the construction of the levee, unless it is contested upon the ground of error or fraud.

In order, however, to render it conclusive, it is requisite that the formalities of the law should be followed.

We would further remark, that the statute only requires a jury of five free-holders, whereas the Police Jury appointed seven.

As the law provides for five, this number only ought to have been appointed, for the addition of two might produce a different result from that which would have been arrived at by five. Besides, if an addition of two were permitted there would be no limitation to the extension of the number.

It is true, that in this case, five of the seven appointed only signed the report, but still this was not a compliance with the resolution of the Police Jury, which named seven.

Upon the trial, the Police Jury offered to prove by one of the jury who assessed the damages, that the jury did not take into consideration, in their examination and report, the benefits derived by plaintiff from the levee, and that the same was not considered or estimated by them.

This offer was objected to by plaintiff, upon the ground that the report having been made under oath, could not be contradicted.

The admission of the evidence would not have contradicted the report, for there was no allusion therein to the benefit to plaintiff from the construction of the levee and the object was to show that the benefit had not been considered.

It is objected by defendant, that the levee was not laid out upon the land of plaintiff, but upon the land of *Watson*.

It appears that after the levee had been laid out, the plaintiff purchased the land. The land was bought after the levee had been laid out and constructed.

It would seem, then, that the damage must have been taken into consideration by plaintiff, and that he must have given a less price for the land on that account. The action would seem to be, if at all, with the vendor of plaintiff, unless the right had been transferred by the sale. But this objection has been waived by the Police Jury, and the right of action has been recognized to be in plaintiffs by their proceedings in the case at bar.

Appellant has plead prescription and relies upon Article 3501 of the Civil Code, which declares that actions resulting from offences or quasi-offences are prescribed by one year.

This Article does not apply to the present case. The damages contended for do not result from an offence or a quasi-offence, but results from a law authorizing for the public good, the partial destruction of property by the construction of a levee, that is the destruction of that space which is between the old and new levees, for it would be exposed to inundation, and the same law provides for compensation for the damages suffered, or for the excess of damages over the benefits.

It is, therefore, ordered, adjudged and decreed, that the judgment be avoided and reversed, and that there be judgment for defendant against the claim of plaintiff, reserving the rights of plaintiff hereafter, if any he has, when the Police Jury shall proceed legally to determine upon them ; and that plaintiff pay costs in both courts.