O’NIELL, C. J.
The plaintiffs have appealed from a judgment rejecting their demand for damages and for the removal of a swimming pool in front of their property. The property belongs to Mrs. Julia Foster, but stands recorded in the name of the co-plaintiff, Aniceto Ruiz, as security for a debt.
The defenses pleaded by the city were.(1) an estoppel; (2) the prescription of one year; and (3) a denial that the swimming pool in front of plaintiffs’ property had caused them any loss or damage. The district court sustained the plea of estoppel. The two other defensés are reurged by the city in answer to the appeal.
The plea of estoppel was a good defense to the demand for removal of the swimming pool, but not to' the demand for damages. The basis of the plea was, primarily, that plaintiffs had observed the construction of the pool going on, and had made no objection until it was completed; and, secondly, that, by suing for damages or compensation for the injury alleged to have been done by the presence of the pool, plaintiffs abandpned any right that they might have had to have the pool removed. Our opinion is that, as to the demand for removal of the pool, the plea of estoppel is well founded on both propositions. The construction of the pool cost the city about $4,000, and plaintiffs were, from the beginning, aware that the work was *892 going on. It is true the project was not formally authorized by an ordinance of the municipal council; but that was a matter óf no concern to the plaintiffs. The council had approved the construction of the pool, and was willing and ready to enact an ordinance to that effect at any time.
The failure of the plaintiffs to protest before the swimming pool was completed did not estop them in their action for damages, because the municipal government had the right to establish the swimming pool as a public institution, provided the city paid just and adequate compensation for the private property thereby taken or damaged. See article 167 of Constitution of 1913, in force when this swimming pool was constructed.
Our opinion is that the action for damages was not barred by the prescription of one year. The plea is founded either upon the theory that the damages arose ex delicto or upon Act 26 of 1908, p. 29. The act declares that suits for damages done to persons or property by the grading of streets, or alleys or other public ways by a municipality shall be barred by the prescription of one year from and after the time when the damage was done. It cannot be said that the damages in this case arose ex delicto, or from a tort. The municipality was not at fault in any way. The suit is for the compensation due, under article 167 of the Constitution of 1913, for a lawful act on the part of the municipality. Act 26 of 1908 is not applicable to a case of this character. It is applicable only to actions for damages done by the grading of streets, alleys, or public ways.
Our opinion is that the plaintiffs are entitled to compensation, under article 167 of the Constitution of 1913, for the damage done to their property for a public purpose.' The swimming pool takes up so much of the street in front of the house that vehicle traffic there is cut off. The remaining space between plaintiffs’ front fence and the swimming pool is only 12 feet wide. The property has been used as a residence and is said to be not fit for any other purpose. The house is a ramshackle old shanty, which, with the lot, was worth only about $1,000 before the swimming pool was put there. From an analysis of the testimony on the subject, we estimate the reduction in. value of the property to be about $300. Plaintiffs claim .damages also for the inconvenience and annoyance of having the swimming pool so close to their house. But our opinion is that all such damages are included in the estimate of the reduction in the value of the property, because it is only on account of the inconveniencé and annoyance of having the swimming pool so close to the house that the property has been reduced in value.
The prayer of the plaintiffs’ petition is that damages be awarded, not to Ruiz, but to Mrs. Julia Poster, the actual owner of the property.
The judgment appealed from is annulled, and it is now ordered, adjudged, and decreed that the plaintiff, Mrs. Julia Poster, recover of and from the defendant, city of New Orleans, $300, with legal interest from the date of judicial demand, and the costs of this suit.