(106 So. 710)

No. 27467.

## BROCKETT v. CITY OF SHREVEPORT.

## In re CITY OF SHREVEPORT.

(Nov. 30, 1925. Rehearing Denied Jan. 4, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Eminent domain** ⬥288(1)—**Expropriation; right to injunctive relief against flooding of land for reservoir held barred by laches.**

Right of occupant of land to injunctive relief against flooding thereof by construction of dam by city to establish reservoir, as authorized by Act No. 31 of 1910, *held* barred by laches, where plaintiff, without explanation, waited nearly two years until work, which was public and notorious, was practically completed at large expenditure of money, and city showed imperative necessity of suitable and sufficient water supply for its citizens.

2. **Eminent domain** ⬥271—**Expropriation; occupant of land held entitled to sue city for damages from flooding thereof for establishment of reservoir.**

One claiming to hold lands occupied by her under deeds reaching back to grant by assignee of federal patentee *held* entitled to pursue ordinary legal remedy for recovery of damages from flooding of land by city for establishment of reservoir pursuant to Act No. 31 of 1910, though her right to injunctive relief was barred by laches.

St. Paul, J., dissenting.

Action for injunction by Leola Brockett against the City of Shreveport. Judgment for plaintiff, and defendant appeals and applies for writs of certiorari, mandamus, and prohibition. Rule nisi made absolute, writs made peremptory, judgment annulled, and enforcement or execution of any order or injunction by district court prohibited.

B. F. Roberts, City Atty., and Thigpen, Herold, Lee & Cousin, all of Shreveport, for relator.

C. F. Davis, of Shreveport, for respondent.

ROGERS, J. This suit was instituted by plaintiff in the form of a possessory action, coupled with an injunction to prevent the defendant from trespassing on and taking certain lands, which she alleged she has occupied for many years, by flooding them through the construction of a dam across the east end of Cross Lake and across Bauman chute for the purpose of establishing a reservoir to collect and supply water for the city of Shreveport.

The court below rendered judgment quieting plaintiff's possession, and enjoining defendant from closing the dam. Defendant asked for suspensive and devolutive appeals to the Court of Appeal, which, because of the amount involved, is vested with appellate jurisdiction. The former order was refused, but the latter order was granted. Defendant then applied to this court for the necessary writs; and a rule nisi, with an order suspending the writ of injunction, was issued.

[1] The city of Shreveport holds the bed of Cross Lake, to be used as a storage basin or reservoir for its water supply, under a deed from the register of the state land office, executed by virtue of the provisions of Act 31 of 1910. The validity of its title to the lands lying below the 172 contour line was recognized by this court. State v. Bozeman, 156 La. 635, 101 So. 4. After the decision in that case, the defendant municipality proceeded with the work of converting the lake bed into the utility for which it was acquired. In the prosecution of this public enterprise, the defendant caused all of the old bed of the lake, including the lands, the possession of which is claimed by plaintiff, to be cleared, and a large concrete spillway to be constructed across the lake at its outlet. A great amount of riprap was also placed on the inner side of a railroad fill located at that point. At the time of the institution of the present suit, the work had been practically completed at a large expenditure of money.

The operations were public and notorious, and the purpose of the city to convert the bed of the lake into a reservoir as speedily as possible was well known to the people of the neighborhood. Plaintiff in particular, as the occupant of lands to be affected, and having a direct interest in the matter, must have been fully apprised of the existing conditions. Nevertheless, she waited for nearly two years, permitted the expenditure of the avails of a large bond issue, and for the work to be practically completed before she acted. Plaintiff offers no explanation for this delay, while the city of Shreveport, on the other hand, shows the imperative necessity for a suitable and sufficient water supply for its citizens and the danger to their health, safety, and comfort which would result from the action of the court in restraining it from closing the dam.

In these circumstances, we think plaintiff's laches should operate as a bar to her right to injunctive relief. In Jefferson & Lake Pontchartrain R. R. Co. v. New Orleans, 31 La. Ann. 478, this court declared that the general principles of equity were controlling where the remedy of injunction was sought, and that such right might be lost by negligence and delay. A number of authorities are cited, and at page 481 of the opinion the following is quoted approvingly from Hilliard on Injunctions, § 43, viz.:

"To entitle the plaintiff to an injunction, he must not be guilty of any improper delay in applying for relief. And this, although the application be on behalf of the Attorney General. If a party is guilty of laches, or unreasonable delay in the enforcement of his rights, he thereby forfeits his claim to equitable relief—more especially where a party, being cognizant of his rights, does not take those steps to assert them which are open to him, but lies by, and suffers other parties to incur expenses and enter into engagements and contracts of a burdensome character."

In the cited case the court held that, where an owner of land stands by and permits the taking, where the taking might have been through expropriation, he waives his right to injunction, or to a demand for payment prior to the taking. See, also, to the same effect, McCutchen v. T. & P. Ry. Co., 118 La. 438, 43 So. 42, and authorities therein cited.

[2] Although plaintiff by her laches has made it impossible for the court to afford her injunctive relief without inflicting great injury on the city of Shreveport and its inhabitants, she is not remediless. She claims to hold the lands she occupies under deeds reaching back to the grant of the Vicksburg, Shreveport & Pacific Railroad Company. If she has any subsisting rights by virtue of these deeds, or otherwise, which have been impinged by the actions of the defendant, she can pursue her ordinary legal remedy for the recovery of damages suffered. Jefferson & Lake Pontchartrain R. R. Co. v. New Orleans, referred to supra; Foster v. New Orleans, 155 La. 889, 99 So. 686.

For the reasons assigned, it is ordered that the rule nisi herein issued be made absolute, and, accordingly, that the writs herein applied for be made peremptory; and it is further ordered and decreed that the judgment of the district court referred to and complained of in relator's petition be annulled, and the enforcement or execution by said district court of any order or injunction herein be and the same is hereby prohibited; costs to be paid by respondent, Leola Brockett.

LAND, J., takes no part.
ST. PAUL, J., dissents.