No. 2540

Second Circuit

ALEXANDER v. LOUISIANA HIGHWAY COMMISSION

(May 7, 1926, Opinion and Decree)
(June 2, 1926, Rehearing Refused)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Expropriation—Par. 85, 90.**

Where a road contractor wrongfully damages an estate and uses part of it for the road without expropriation proceedings having been instituted, the right of action is against the road contractor and not the highway commission.

2. **Louisiana Digest—Expropriation—Par. 89; Prescription—Par. 110.**

The prescription of one year prescribed by Article 3536 of the Civil Code is applicable to damages occasioned by a road contractor wrongfully taking the property for the road without first resorting to expropriation proceedings.

Appeal from the Third Judicial District Court of Louisiana, Parish of Lincoln, Hon S. D. Pearce, Judge.

Action by Mrs. Leo Alexander against Louisiana Highway Commission et al. There was judgment for defendants sustaining plea of prescription. Plaintiffs appealed.

Judgment affirmed.

Long and Crow, of Shreveport, attorneys for plaintiffs, appellants.

J. Rush Wimberley, of Arcadia, attorney for defendants, appellants.

WEBB, J. In this action, which was filed on March 2, 1925, the plaintiff alleged that the Louisiana Highway Commission contracted with C. W. George & Co. to construct and build a highway and that the contractor acting under the contract and supervision of the commission which had laid out the road, had in June and July of the year 1923 taken charge of and appropriated to their uses and to the use of the public a tract of land belonging to plaintiffs and in so doing had destroyed a fence belonging to petitioners and had otherwise damaged petitioners to the ex-

tent of thirteen hundred and ten dollars, which is itemized as follows:

Value of land taken and appro-
    priated _____$500.00
Destruction of fences_____ 200.00
Damages to premises by excava-
    tion, etc._____ 500.00
Loss of rental value of premises_____ 110.00

Plaintiffs prayed for judgment against defendants *in solido.*

A settlement was made between plaintiffs and the commission and the suit as to it dismissed, and C. W. George & Co. pleaded the prescription of one year which was sustained and plaintiff appealed.

## OPINION

The contention of the plaintiff appears to be that the commission having taken the property without first resorting to expropriation proceedings, plaintiffs had a personal right against it to recover the value of the land taken and damages resulting to plaintiffs from establishing the highway on the lands taken; that the prescription applicable to such an action is ten years, under Article 3544, C. C., or at least two years, under Section 1497 of the Revised Statutes, and the contractor being sued with, and judgment asked for against them in solido, the same prescription must be applicable to one as the other.

Conceding that the prescription of one year would be applicable to the demands (including that for the destruction of the fence) as against the commission, we are of the opinion that the right of action as against the commission does not arise strictly from an offense or *quasi* offense (Foster vs. New Orleans, 155 La. 589, 99 South. 686); but as against the contractor the right of action does arise from an offense or *quasi* offense and that the prescription of one year under Article 3536, C. C., is applicable (Simms vs. New Orleans Ry. Co., 134 La. 987, 64 South. 823; Griffin vs. Drainage Co., 110 La. 840, 34 South. 799).

The judgment appealed from is therefore affirmed.