No. 2952

Second Circuit

## VASCOCU v. POLICE JURY OF NATCHITOCHES PARISH

(November 18, 1929. Opinion and Decree.)

Marcus L. Dismukes, of Natchitoches, attorney for plaintiff, appellant.

S. R. Thomas, of Natchitoches, attorney for defendant, appellee.

### STATEMENT OF THE CASE

REYNOLDS, J. This is an action under Act No. 56 of 1918. Plaintiff sues defendant for $130 with legal interest thereon from judicial demand as the value of two cows and two calves which, he alleges, died

as the result of being dipped for the eradication of cattle tick. He alleges that the dipping was done under and by authority of laws of the state of Louisiana and ordinances of the police jury of Natchitoches parish and under the supervision and control of the police jury and of the live stock sanitary board of the state of Louisiana and of the Department of Agriculture of the United States by an inspector duly appointed by and acting for these authorities, and that the dipping was compulsory.

One cow and one calf are alleged to have died April 18, 1919, and the other cow and calf November 15, 1918.

It is also alleged that demand was made on the police jury for payment, and the demand refused.

Citation in the action was served on April 15, 1921.

Defendant interposed a plea of prescription of one year, and, on trial, the plea was sustained and plaintiff's suit dismissed, and he has appealed.

## OPINION

The act in question provides:

"That any person in any parish in this State shall be entitled to recover from such parish a reasonable compensation for any live stock owned by such person that may hereafter be killed or permanently injured in the process of dipping or as a result of such dipping for the eradication of the cattle tick, where such dipping was done under the supervision of the Live Stock Sanitary Board or its agents, employees or representatives or where such cattle dipping is done under the supervision and direction of inspectors employed or appointed by the police juries of the several parishes of the State of Louisiana. * * *

"That any owner of live stock making claim for damage for death or injury of such live stock shall make proof of the amount of his loss or damage to the police jury and when conclusive proof has been made or submitted to the police jury and there being no evidence of contributory negligence on the part of the owner and the police jury is satisfied that the said owner has suffered such loss, then the police jury shall pay to such owner out of the general fund of the said parish such amount as will compensate him for his loss or damage but if the police jury shall refuse to pay such claim or any part of them then the owner shall have the right of action against the parish within [which] such damage occurred."

And the question presented for our decision is whether the right of action granted is one ex delicto and therefore prescribed when the suit was brought.

It will be observed that the right of action is not made dependent on negligence on the part of the inspectors employed by the parish in the process of dipping the cattle.

The statute fixes no time within which the action granted shall be commenced, and the question presented by the appeal appears to be res novo.

Foster v. City of New Orleans, 155 La. 889, 99 So. 686, was an action to recover damage done to plaintiff's property by the construction of a swimming pool in front of it by the city; and the court held that the suit was not one ex delicto, but rather one to recover compensation under the Constitution for damage done to plaintiff's property for a public purpose, and therefore not barred by the prescription of one year.

Inge v. Police Jury, 14 La. Ann. 117, was an action to recover damage done to plaintiff's land by the construction of a public levee. A plea of prescription of one year was interposed by the police jury, and dealing with the plea the court said:

"Appellant has plead prescription and relies upon Article 3501 of the Civil Code, which declares that actions resulting from offences or quasi-offences are prescribed by one year.

"This Article does not apply to the present case. The damages contended for do not result from an offence or a quasi-offence, but result from a law authorizing for the public good, the partial destruction of property by the construction of a levee, * * * for it would be exposed to inundation, and the same law provides for compensation for the damages suffered * * *"

We are of the opinion that plaintiff's action belongs in the same class of cases as the two above cited, and that the plea of prescription was erroneously sustained.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, the plea of prescription overruled, and the case remanded to the district court for further proceedings according to law.