HARDY, Judge.
This action was initiated by the Department of Highways of the State of Louisiana in connection with the expropriation of property belonging to defendants and the sum of $7,195 allegedly representing the just compensation for said property as fixed by plaintiff, the expropriating authority, was deposited in the Registry of the Court. Defendants opposed the valuation represented by said deposit and prayed for judgment fixing the value of the property taken in the sum of $12,500; further praying for the allowance of additional amounts in the nature of specific damages. After trial there was judgment fixing the value of the property expropriated in the sum of $8,785.96, representing an increase • over and above the amount paid by plaintiff to the extent of $1,590.96, with interest. After depositing the additional amount represented by the judgment, plaintiff devolu-tively appealed therefrom.
Before this Court, in oral argument and brief, counsel for plaintiff has strenuously urged error on the part of the district judge in permitting the defendants, in presentation of their case in chief, to call, under cross-examination, an expert appraiser who was employed by plaintiff for the purpose of making an appraisal of the expropriated property, the value of which is here called in question.
We regard the point raised as being not only supertechnical but purely academic, for two reasons: First, upon presentation of oral argument in answer to questions from the Bench, counsel for plaintiff conceded that application had been made for writs to the Supreme Court with reference to this issue and that the same had been denied; and, second, because, in the course of arguing his objection to this procedure before the trial court, counsel made the statement reflected by the record as follows:
“This witness will ultimately be placed on the stand for the Department of Highways.”
In view of the above admission of intention by which counsel was bound, we cannot conceive how any prejudice could possibly have resulted from admitting cross-examination on behalf of defendants. At most, this constituted simply an informality in procedure. In our opinion the allowance of cross-examination by the district judge on the ground that the same constituted no prejudice was eminently correct.
Nevertheless, in deference to counsel’s insistence that this issue should be determined by some judicial pronouncement which might be of value to the Department in the future, we are inclined to take notice and make disposition of the point raised.
Examination of the statute providing for cross-examination of opponents by parties litigant discloses the following pertinent wording (LSA-R.S. 13:3663) :
“Where any of the parties litigant is an individual, a corporation, partnership or other legal entity, the parties examining shall be entitled to examine * * * the particular agent or representative of such * * * legal entity having or having had knowledge, charge or supervision in whole or in part of the matter in question, whether or not such party is at the time an agent or representative or member of or otherwise connected with such individual, corporation, partnership or other legal entity.” (Emphasis supplied.)
It would be difficult for us to conceive of any more explicit and self-explanatory wording of purpose and intent in any legis *223 lative enactment. In the instant case the party called for cross-examination was an expert appraiser employed by plaintiff, who unquestionably possessed specific “knowledge * * * of the matter in question * * As a matter of fact, the appraisal made by this employee was the one accepted by plaintiff, which deposited in the Registry of the Court the exact amount of his valuation.
The contention made on behalf of plaintiff is without merit and was properly re-j ected.
The property involved constituted two contiguous lots of land situated in the suburban area of the City of Ruston, upon which was located a single-story, concrete block building, in which was operated a small neighborhood grocery. Defendants had also made some improvements to the rear lot for the purpose of adapting this portion of their property for use as an automobile trailer parking area.
The sole issue tendered by this appeal relates to a determination of the just value of the improvements. There is no contention as to the value of the land, inasmuch as the district judge accepted the valuations placed on the two lots by plaintiff’s appraisers.
It is urgently contended on behalf of plaintiff that the basis of replacement cost upon which the judgment appealed from was predicated is an unfair method of arriving at the market value of improvements, citing City of New Orleans v. Noto et al., 217 La. 657, 47 So.2d 36, 37.
We are somewhat hesitant to accept plaintiff’s objection to the replacement cost basis of valuation, inasmuch as the record reflects that this basis was used by both of the expert appraisers employed by and tendered as witnesses on behalf of plaintiff. The amount paid into the Registry of the Court was computed on this basis and we seriously question not only the propriety but the validity of plaintiff’s objection toua method of valuation which it is shown to have used and accepted. Nevertheless, our examination of the opinion of the Supreme Court in the case cited supra discloses that the rejection of replacement value as the basis of an award was qualified by the observation that where market value was not readily ascertainable “ * * * other circumstances and factors must be explored in order to discover the true value * * *
 In the instant case the record does not contain sufficient evidence of market value save and except with reference to. the land itself, to justify the acceptance of this basis of valuation. The purpose of proceedings of this nature is designed to determine a value which is neither inflated to the prejudice of the expropriating authority nor minimized to an extent which denies the owner of property a fair, reasonable and just compensation. It follows that all evidence tendered on behalf of the parties must be carefully scrutinized and evaluated.
In the matter under consideration plaintiff’s evidence as to value rests upon the testimony of two expert witnesses whom it had employed for this particular purpose, namely, Mr. B. H. Rainwater, Jr., an expert appraiser and real estate operator of Rus-ton, and Mr. E. A. Porter, Jr., an appraiser of Monroe, Louisiana, who was also engaged in the business of management and sale of real estate. Defendant tendered the expert testimony of Mr. F. D. Mabry, a building contractor, real estate operator and insurance agent of Ruston, who had been engaged in the building and contracting business for a period of about forty years, Mr. Thomas Lewis, a licensed real estate and insurance broker of Ruston, and Mr. John H. LaRue, a real estate broker of Ruston, who was also experienced in the construction business.
The valuation of defendant’s property, in addition to the land itself, included the improvements, consisting of the main building and attached porch, other improvements principally in the nature of water and sewerage connections upon the rear lot, a quantity of gravel, and an air-conditioning unit. *224 All of the noted items were taken into consideration by the admirably detailed and logically reasoned written opinion of the learned trial judge upon the basis of a careful examination and correlation of the values fixed by the several witnesses above named. Adopting the very practical chart method used by counsel for plaintiff in an appendix to his brief, for the purpose of concisely reflecting the testimony of the several witnesses, we set forth below a chart of values on the items above noted, upon the basis of the testimony reflected by the record:
Witnesses for Plaintiff Witnesses for Defendant
Valuations Rainwater Porter Mabry LaRue Judgment of Trial Court
Land $2,495.00 $2,495.00 $4,000.00 $3,250.00 $3,250.00 $2,495.00
Main Building $3,580.50 3,255.00 5,384.40 6,500.00 5,150.00 6,434.40
Water & Sewerage Connections on Rear Lot 300.00 300.00 360.00 350.00 300.00
Gravel 200.00 100.00 200.00
Air Conditioner 300.00 • 300.00
Depreciation 5% on bldg, and porch 10% on bldg, and porch 20% on improvements 10%
Total Net Valuation $7,195.00 $6,500.00 $10,434.40 $8,754.00 $8,750.00 $8,785 96
Briefly commenting upon the testimony of the named witnesses, it is observed that neither of plaintiff’s expert witnesses established any basis of first-hand experience or expert knowledge of replacement cost, and their conclusions on this point appear to have been predicated upon hearsay information from unidentified sources. The witness, Rainwater, fixed the replacement cost of the main building at $5.50 per square foot, while Porter allowed $5 per square foot. The only witness who is shown to have any first-hand information as to construction cost in Ruston and who possessed any contracting experience, was Mr. Mabry, who estimated the replacement cost of the main building at $8.40 per square foot ánd of the porch at $4.20 per square foot. It was the testimony of this witness which was accepted by the trial judge as justifying the award of $6,434.40, less ten per cent depreciation amounting to $643.44, leaving a net replacement evaluation of $5,790.96. It is argued by counsel that Mr. Mabry did not make an inspection of the property until after the buildings had been demolished and at a time when only the foundations remained. However, we think this objection is overcome by the witness’ specific testimony as to the cost of a similar building which he had recently constructed.
The district judge properly disallowed the claim for the value of the air-conditioning unit, inasmuch as the record establishes the fact that the unit was removed by defendants and never came into the possession of plaintiff.
After thorough study of the record we are unable to conclude that any manifest error is revealed by the judgment. The careful consideration given to the testimony of all witnesses, as evidenced in the written opinion of the district judge, adequately sustains his conclusion. Any modification of the judgment on our part would necessitate an arbitrary determination with respect to valuations, as to which we can discern no substantial error.
For the reasons assigned the judgment appealed from is affirmed.