AYRES, Judge.
This is an expropriation suit. The property expropriated is a portion of the defendants’ residential lot located within an exclusive residential section of the City of Ruston. The action involves not only the taking of a portion of the property but severance damage to the remaining portion of the property which involves the residence itself. The expropriation was undertaken in connection with the construction of Interstate Highway 20 through Lincoln Parish.
The preliminary appraisal of the market value of the property taken, and the severance damage to the property remaining, was $6,250, which was deposited in the registry of the court. Defendants sought an additional sum of $12,500, contending that the value of the property taken and the severance damage to the remainder of the property aggregated $18,750. After trial, the court concluded that the market value of the property expropriated and the severance damage amounted to $15,000 and, accordingly, awarded defendants judgment for an additional sum of $8,750.
From the judgment thus rendered and signed, plaintiff, the State of Louisiana, through the Department of Highways, appealed.
On the appeal, the plaintiff complains that the trial court erred in permitting the defendants to call, under cross-examination over its objection, an appraiser who had been employed to, and did, appraise this property for and on behalf of the Department of Highways. An identical complaint was recently made in the case of State Through Dept. of Highways v. Cook, La.App. 2d Cir., 1960, 124 So.2d 221. This objection was held without merit and the point has been conclusively disposed of by both this court and the Supreme Court in its refusal of application for writs. We feel, therefore, the objection is not entitled to further consideration. In any event, as pointed out in the Cook case, the effect of the procedure would have no bearing upon the ultimate conclusion.
The principal consideration is purely factual, and relates to the market value of the property taken and the severance damage sustained to the remaining portion of the property. In a well-considered opinion, the trial judge analyzed the testimony adduced by plaintiff and defendants and *147 reached the conclusion that the evidence on behalf of defendants preponderated.
Among the witnesses called as experts in real estate values were long-time residents of Ruston and a realtor of Shreveport. Those testifying for the defendants were Robert B. Sims, L. K. Brooks, Cameron Mitchell, John A. Mitchell, and Thomas Lewis. Sims, who has been engaged in the real estate business in Ruston for approximately 22 years, and who had been originally employed by the Department of Highways to appraise and evaluate this property, testified that the property taken had a value of $800 and that the severance damage to the remaining property, which included the residence, was $15,200, or a total of $16,000. This witness’ opinion was that the property, prior to the expropriation, had a valuation of $27,185, and that the property remaining after the expropriation had a value of $13,000; hence, that defendants’ loss was $14,185. However, in summarizing his testimony, the witness concluded that defendants had sustained a loss or damage of $16,010. >
Brooks, who had been a resident of Rus-ton for many years and who had engaged in the real estate business in that city for 32 years, testified that the property, before the taking, had a market value of $27,000 and that the market value of the property after the taking was $12,000, or a loss in value, through the taking and severance damage, of $15,000. Brooks’ testimony is substantially corroborated by that of Lewis, whose evaluation of the property exceeded that of Brooks by only $500.
Cameron Mitchell and John A. Mitchell are contractors who have been engaged for many years in both residential and commercial construction in the City of Ruston. The former testified that the replacement cost of defendants’ residence would be not less than $24,500, and, assuming that the lot had a value of $3,500, as testified by some of the other experts, that the property had a valuation of $28,000. John A. Mitchell testified that the construction cost of a residence of the kind and character of defendants’ was approximately $12 per square foot.
As opposed to the testimony thus introduced on behalf of the defendants, the testimony of E. A. Tharpe, Jr., was adduced on behalf of the Department of Highways. As recited by the trial judge, Mr. Tharpe is a resident of, and domiciled in, Shreveport where he has been engaged for a number of years in the real estate business but was not personally familiar with property values of real estate in Ruston. Upon the basis of Tharpe’s appraisal, the $6,250 was determined as the value of the property taken and of the severance damage sustained by defendants. Notwithstanding the fact that this witness admittedly employed the recent methods of appraisal in reaching his conclusion, the trial court expressed dissatisfaction with his appraisal and the value of property used as “compa-rables.” We find no basis in the record for disagreement with the trial court on this point.
Nor do we find any merit in plaintiff’s contention that defendants’ experts were not qualified as appraisers, and that their testimony should not be accepted and considered in reaching a conclusion as to the valuation of defendants’ property. Sims, Brooks, and Lewis had, together, an experience of 59 years in the real estate business in the City of Ruston. They were, at the time of the trial, engaged in that business. The Mitchells had been engaged for many years in residential construction in that city and area. All of'these, as concluded by the trial judge, were eminently qualified as experts in the matters for which they were called as witnesses.
From our own review of the record, we not only fail to find manifest error in the judgment appealed, but are of the opinion it is supported by a great preponderance of the evidence.
The judgment appealed is, therefore, affirmed.
Affirmed.