HARDY, Judge.
This is' an expropriation suit and defendants appeal from judgment rejecting their demands with respect to the valuation of property taken, together with claims for consequential damages.
The actual taking of defendants’ property by plaintiff was limited to a small fraction (.014) of an acre on the extreme south end of an eight acre tract. Plaintiff originally deposited the amount of $44.00 as an estimate of just compensation. Defendants contend that the valuation should be increased to $1,500.00. The district judge awarded an increase of $284.00, in addition to the amount deposited, as representing the real value of the property taken, based upon evidence of sales of comparable properties. Since this is the most highly favored basis of valuation, and we are unable to find any error in the conclusion of the trial court, it follows that this portion of the judgment is correct and to this extent should be affirmed.
Defendants’ major claims, however, relate to the alleged consequential damages suffered as a direct result of plaintiff’s expropriation. It should be noted that, in addition to the small tract of land, plaintiff further expropriated a servitude of drain on the south end of defendants’ property.
*233 The facts are not in dispute. For some seventeen years defendants have operated a slaughter house and other facilities appropriate to a meat processing plant in the course of which an average of some 500 cattle and 1,000 hogs were slaughtered per month. The plant itself is located on the northerly half of the property and there existed a natural drainage slope from north to south. By means of a sewerage pipe the offal and effluence from the slaughtering operations were drained into a creek or bayou, located at the extreme southwest corner of the property, by which natural drain the refuse was carried into an abandoned and exhausted gravel pit on adjoining property. This system of disposal had been approved by the appropriate health authorities. The effect of the expropriation of property and a servitude of drain by plaintiff deprived defendants of this long ■established and completely satisfactory means of disposal. In support of their claims as to a right to consequential damages, defendants asserted that the cost of provision and replacement of necessary disposal facilities would amount to approximately $15,000.00, for the allowance of which amount they pray in this action. With relation to their rights, defendants filed a special plea of prescription, acqui-rendi causa, of a servitude of disposal and drainage from their property over and across the lands taken and expropriated, which plea was overruled.
The trial judge was of the opinion that defendants failed to prove their claims of special damages, and, therefore, rejected their demands.
There is no question as to the right of an owner of property to the recovery of damages which are a direct consequence of the physical taking of property or rights. The distinction is made with respect to the verbiage of constitutional provisions which, in some instances, limit payment solely to the taking and those which provide for payment caused by either taking or damage; Nichols on “Eminent Domain,” 3d Edition, Volume 4, Section 14.1, pages 473, et seq.
Article 1, Section 2 of the Louisiana Constitution of 1921, LSA, repeats the provision of Article 167 of the Constitution of 1913 to the effect that “ * * * private property shall not be taken nor damaged except for public purposes and after just and adequate compensation is paid.” Under this fundamental protection of rights our courts have held that the right to compensation in this class of actions is distinguished from actions ex contractu or ex delicto and that the right of recovery is based upon the lawful damaging of private property for a public purpose; Foster et al. v. City of New Orleans, 155 La. 889, 99 So. 686; Harrison et al. v. Louisiana Highway Commission, 202 La. 345, 11 So.2d 612.
There is some contention on behalf of plaintiff in the instant case that the damages claimed by defendants has not been caused by the actual taking of their property but by the taking of property theretofore belonging to the Parish of Ouachita and apparently embracing a portion of the stream into which defendants' drainage pipe emptied. We think this contention is without merit for several reasons; first, because plaintiff did take a portion of defendants’ property at the extreme southwest corner; second, that plaintiff did take the right of a servitude of drain, and, finally, because these acts and the plans of construction of the highway clearly indicate that defendants’ drainage facilities were totally and completely destroyed by plaintiff’s acts of expropriation. The record convincingly justifies the conclusion that because of plaintiff’s actions defendants are confronted with the necessity of draining the effluence from their plant into an open ditch alongside the highway or of constructing new drainage facilities. It was clearly established that the first action would not be permitted by the health authorities, and the only reasonable conclusion is that defendants have suffered damages to the extent of whatever expenditures are necessary *234 for providing and installing a new drainage system.
 The principle that a right-of-way once obtained, whether denominated as an easement or servitude, is property and that damage to its use by the owners thereof is equivalent to a taking of property, we think has been well established. Such a principle was enunciated by this court in Arkansas Louisiana Gas Company v. Louisiana Department of Highways (2nd Circuit, 1958, writs denied), La.App., 104 So.2d 204, upon the basis of numerous authorities therein cited.
 While we agree with the learned district judge in his conclusion that this record does not adequately establish the amount of damage suffered by defendants, it is our opinion, in the interest of equity and justice, that they should be given an opportunity to prove this item of damage. With relation to the nature of this proof, and in the hope that it may serve as a guide to further proceedings, we observe that, while it is true that the most general and acceptable rule for establishment of damage relates to diminution of market value, it must be pointed out that under certain circumstances such a method is neither fair nor just. The alternative procedure is the establishment of the reasonable cost of restoring the damage, upon the principle that the owner shall be put in as good position pecuniarily as if his property had not been taken; State through Department of Highways v. Barrow, 238 La. 887, 116 So.2d 703; Housing Authority of Shreveport v. Green, 200. La. 463, 8 So.2d 295; Texas Gas Transmission Corporation v. Fuselier (3rd Circuit, 1961, writs denied), La.App., 133 So.2d 828; State through the Department of Highways v. Cook et al. (2nd Circuit, 1960, writs denied), La.App., 124 So.2d 221.
For the reasons assigned, the judgment appealed from is annulled and set aside and this case is remanded to the Honorable the Fourth Judicial District Court in and for the Parish of Ouachita for further proceedings consistent with the views above expressed. It is ordered that the taxing of costs await final disposition hereof.