For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., concurs in the decree.

18 So.2d 616

**STATE v. DOWLING.**

No. 36773.

May 22, 1944.

Arthur B. Hammond and Joseph A. Loret, both of Baton Rouge, for plaintiff, appellant.

Roland C. Kizer and Cecil N. Bankston, both of Baton Rouge, for defendant, appellee.

ROGERS, Justice.

Frank D. Dowling is the owner of a tract of land situated in the Parish of East Baton Rouge which the State of Louisiana, through the Department of Highways, is seeking to expropriate for highway purposes. There is no dispute as to the right of the plaintiff to expropriate the property. The only dispute is as to its value. The jury of freeholders before whom the case was tried rendered a verdict in favor of the plaintiff upon payment by the plaintiff to the defendant of $7,650, which was fixed as the value of the property. A judgment in accordance with the verdict was rendered and signed by the judge of the district court. Plaintiff is appealing from the judgment.

Plaintiff, in prosecuting the appeal, insists that the amount awarded defendant should not exceed $2,813 and that the judgment should be reduced to that amount. Defendant maintains that the amount awarded by the jury is supported by the evidence and that the judgment should be affirmed.

The tract of land which plaintiff seeks to expropriate is situated at the southwest corner of the intersection of the Airline Highway and the Baton Rouge-Clinton Highway, which is also known as the Plank Road. The Airline Highway is the main highway for traffic crossing the bridge over the Mississippi River at Baton Rouge and going to and from the City of

New Orleans. The Plank Road is one of the principal highways leading out of the City of Baton Rouge and going north to the East Baton Rouge Parish Airport. Defendant's property fronts both on the Airline Highway and the Plank Road, which are concrete highways, and measures 397 feet on the Airline Highway and 231.15 feet on the Plank Road.

When private property is expropriated for public purposes the owner is entitled to its market value at the time it is taken which is its fair value between one who wants to purchase and one who wants to sell under usual and ordinary circumstances. Louisiana Highway Commission v. Israel, 205 La. 669, 17 So.2d 914.

The property was purchased by Mr. Dowling in December, 1940, for the sum of $5,000. On April 17, 1942, this suit was instituted after the parties failed to agree upon the proper amount of compensation to be paid Mr. Dowling for his property.

Plaintiff produced as an expert witness William A. Haas, an employee of the Department of Highways, who testified that the property is worth $3,750, but that if the owner's right of access to the property was limited by the Department of Highways, its value would be reduced by 25%, making a valuation of only $2,813. Plaintiff also produced as a witness Harry B. Henderlite, Chief Engineer of the Department of Highways, who testified that it would be dangerous to permit access to defendant's property from the Airline Highway and the Plank Road and that such access would be restricted as much as possible by the Department of Highways.

The testimony of plaintiff's witness Haas that the property is worth $3,750 if unrestricted access thereto is permitted, or $2,812.50 if access thereto is denied or restricted, is not impressive in view of the fact that defendant purchased the property for $5,000 about seventeen months before this suit was filed and that the property has increased rather than decreased in value since it was acquired by defendant.

The opinion expressed by Mr. Henderlite, the Chief Engineer of the Department of Highways, that, in the interest of public safety, it would be advisable for his department to deny or limit access to the property suggests an element that is too remote to be considered in determining the value of the property.

Defendant, as the owner of land abutting a public highway, has a special right of easement and user in the public road for access purposes, and this is a property right which can not be damaged or taken from him without due compensation. Although the Department of Highways is clothed with the authority to limit the number of access connections which the owner of land abutting a public highway may make with the highway to such extent as the department may deem necessary for the public safety, the exercise by the department of such authority is subject to review by the courts. State ex rel. Gebelin v. Department of Highways, 200 La. 409, 8 So.2d 71.

In further support of its contention that the verdict of the jury is excessive, plain-

tiff relies on two sales made by Tom W. Dutton to the State of Louisiana and Department of Highways on June 7, 1941, and February 26, 1942.

The first sale by Dutton to the State and Highway Department embraces two tracts of land with a total area of 4.864 acres. One of the tracts containing .753 acres, is situated at the northeast corner of the intersection of the Airline Highway and the Plank Road, and the other tract is situated at the southeast corner of the intersection. This sale was made for a cash consideration of $5,000. The other sale by Dutton to the State and Highway Department also embraces two tracts of land, one situated on the north side of the Airline Highway, and the other situated on the south side of the highway, both tracts of land adjoining the land previously sold by Dutton to the State and Highway Department. The combined area of the tracts of land included in this sale is 2.438 acres and the consideration for the sale was $2,-552.42.

The sales by Dutton to the State and Highway Department have little, if any, probative value. In the first place, plaintiff purchased the land for highway purposes and Dutton, the vendor, sold the land out of a larger tract, not because he desired to sell it, but because he could be forced to give it up. While such sales are entitled to consideration in determining the market value of property sought to be expropriated, they can not be accepted as controlling. Texas Pac.-Missouri Pac. Ter. R. R. v. Elliott, 166 La. 347, 117 So. 275. In the second place, on the issue of the value of the property sought to be ex-

propriated, evidence of the value of other property is helpful only where there is such similarity as renders it probable that the values are similar. The only similarity between the tracts of land conveyed by Dutton to the State and Highway Department to the tract of land owned by defendant is with respect to their location. The tracts of land formerly owned by Dutton are situated at the northeast and southeast corners of the intersection of the Airline Highway and the Plank Road and the tract of land owned by defendant is situated at the southwest corner of the intersection. The Dutton property, however, is encumbered by a pipe line right of way 34.6 feet wide running across the property. This right of way contains a number of large gas mains which are used to carry gas to the cities and towns south of Baton Rouge, including New Orleans. The State and Highway Department purchased the property from Dutton subject to the gas line right of way for which presumably Dutton received adequate compensation. Moreover, the property involved in this suit is about a foot higher than the surface of the Plank Road, whereas the property acquired by plaintiff from Dutton is a foot or a foot and a half lower than the surface of the Plank Road.

Defendant, testifying on his own behalf, placed a value of $10,000 on the property, based upon the development which has taken place in its vicinity subsequent to his purchase. Emile Illg, Jr., representing Pan-American Petroleum Corporation, testified that about the time of defendant's acquisition, in connection with some negotiations for its purchase, he had appraised

one-third of the property at $5,000. He further stated that with conditions as they are today he would appraise the property, with reasonable access to the highway, at more than $5,000. Joe Ragusa, who is a large operator of filling stations, testified that shortly before the entry of the United States in the present World War, he had appraised the property at $7,500.

Defendant also produced as witnesses four real estate brokers who are familiar with the conditions and surroundings of the property in dispute. These witnesses were J. Cannon Smith, Aaron M. Rosenthal, John B. Fontenot and John Miller. Miller and Smith appraised the property at $10,000. Fontenot valued the property at $8,000, and Rosenthal at $7,940. Miller, Fontenot and Smith declared that the property sought to be expropriated in this suit, "is the best intersection corner on the Airline Highway in East Baton Rouge Parish." On cross-examination when asked why he considered defendant's property to be worth $8,000, Mr. Fontenot stated: "The principal reason is that it is one of the best corners of all the corners there, on two highways, intersection highways, with all the different industries, the northern part being developed, the Airport on the other side, and that is the highest piece of property of all the corners there." Mr. Miller testified on cross-examination that the defendant's property is situated in a rapidly developing neighborhood and that if he had a million dollars, he didn't know of a better place in which to put it. Mr. Rosenthal, who has been engaged in the real estate business in the Parish of East Baton Rouge for 19 years, appraised the property at $20.00 per front foot on the Airline Highway, or a total of $7,940, based on a frontage of 397 feet on the highway

Mr. Rosenthal further testified that the property was not rural property as contended by plaintiff, but was "definitely suburban property" and could be utilized for that purpose at the present time. On cross-examination he gave the reasons for his opinion in these words. "You have the airport north of it, development south of it, and development on the Airline both ways, all new developments, possibly several hundred thousand dollars worth." Defendant's other expert witnesses also testified that the property was suburban and not rural property.

The only expert witness who placed a lower value on the property than that fixed by the jury was W. A. Haas, an employee of the Department of Highways. Obviously, no weight was given to his testimony by the jury. None of the defendant's expert witnesses placed a value on the property as low as the value placed thereon by the jury.

Under the facts disclosed by the record and the law applicable thereto, it can not be said that the award of the jury is manifestly excessive. Louisiana Highway Commission v. Davis, 204 La. 624, 16 So.2d 129.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., does not take part.

ODOM, J., takes no part.