ELLIS, Judge.
This is an expropriation suit wherein the plaintiff seeks a right of way 100 feet wide across the defendant’s property for the purpose- of constructing, maintaining and operating an electrical power line.
The right of plaintiff, a public service corporation, to take the servitude by expropriation is not questioned on this appeal.
Plaintiff made a tender for the right of way at the rate of $1 per rod, $100 per tangent structure and $200 per angle structure, or a total sum- of $337.
The District Court allowed the servitude and assessed the defendant $225 per acre for the amount taken and. also awarded compensatory damages to the remainder of the property in the sum of $650.
*624 The plaintiff has appealed, maintaining the proper award should have been the amount tendered. The defendant has answered the appeal asking an increase of the awards.
The tract owned by the defendant consists of approximately 36 acres of farm land upon'which is his house, a garage, a barn and well, as well as a potato kiln and other outhouses. Of this tract IS acres is used for pasture and residence, and the remainder is cultivated as farm land. The tract of the servitude area' is' 3.3 acres.
The servitude will consist of a 100 foot right of way which 'passes through the cultivated part of the tract for a distance of about 1,000 feet and then turns at an angle of about 40° and continues for a distance of about 500 feet. The power lines to be constructed thereon are high voltage lines. Incident to the servitude will be the right of the plaintiff to maintain its equipment by entering upon the property to replace insulators, poles, et cet-era, which would require thé use of heavy machinery. Also the plaintiff has the right to remove trees or brush which in its opinion would interfere with the servitude.
The trial court granted the servitude and reached the conclusion the market value of defendant’s property was at least $400 per acre,: and awarded $225 per acre -for that portion of the area involved within the servitude, or a total of $742.50, plus $650 damages for diminution in value of the land.
The defendant testified the property was worth $500 per acre. One neighboring farmer, who has bought and sold many farms in the vicinity, stated he would give $450 per acre for the property. Another stated it was worth $400 per acre. One farmer, who had been a resident of the area for 37 years, and was well acquainted with the property, valued it at $450 per acre, while still another placed a value thereon of $475 per acre. One real estate dealer estimated the value at $375 per acre, while another valued it at $300 per acre. An average of these estimates, containing the opinion of seven witnesses, all for the defense, is $420 per acre.
The plaintiff introduced two witnesses, qualifying them as real estate experts. The first estimated the property to be worth $200 per acre. He admitted, however, he had not gone over the property but had walked along the road in front of it, and he said he did not know what the value of the production of crops might be on acreage in the particular area. The second expert based his opinion of value of $225 per acre on two sales of property in the locality, brought out by the first expert. It appears he inspected the property in company with the first expert.
The plaintiff introduced evidence of the selling of two other tracts of land located' in the area. One was a 346 acre tract, and it was identified as agricultural land, but no evidence was introduced to connect it as to location or quality with the property in question here; The other was the sale of a 250 acre tract across the highway from the • defendant. The defendant and four witnesses who live in the immediate neighborhood testified the land across the highway could not be compared to defendant’s land as it was very low and became flooded quite -often.; that it was used mainly for pasturage.
While--the sales of other property in the locality can be given consideration in determining the market value of- property sought to: be expropriated, they are ■ not controlling but are of some probative- value where some similarity exists so that the probable values are the same. Such does not seem to be the case here, and our Supreme Court in the case of State v. Dowl-ing, 205 La. 1061, 18 So.2d 616, expressed the principles- we have just enunciated.
Considering the testimony of the defendant, local farmers and the two experts introduced by the defendant, the value of $400 per acre, as set by the trial court, is reasonable. The only testimony which questioned this value is the opinion of the two experts introduced by the *625 plaintiff, and the two sales mentioned. Consequently, since no manifest error appears, we take the ruling of the trial court, as to the market value of the property as correct.
The first question to he decided is whether the award of $225 per acre for the actual area of the servitude is correct, based upon the market value of $400 per acre. The defendant can still cultivate crops upon the servitude and is prevented from using only that portion occupied by the poles and wires. Of course he could not plant any crops which might interfere with the wires strung along the poles, but aside from forest products we know of no crop which would interfere with them. The land covered by the servitude was used to grow the usual farm products, and except as aforesaid, it could still be used for this purpose. The lower Court, in awarding $225 per acre for the actual servitude cannot be considered manifestly erroneous in view of the evidence.
We pass from this question to damages to the remainder of the property. The trial court awarded $650 for this item of damage, which amounts to approximately $19.87 per acre. Under the testimony we find no manifest error in this award.
The trial court concluded correctly that the construction and installation of. the power line would substantially affect the market value of the property. He fixed this depreciation at. approximately 5 per cent. If the land was worth $400 per acre and 3.3 acres are taken by the servitude, this leaves approximately 32.7 acres out of the tract of approximately 36 acres to be affected. Valued at $400 per acre this would amount to $13,080, and an award of $650 amounts to approximately 5 per cent diminution in value. The trial court is familiar with the property in question and viewed same during the course of the trial. In the absence of manifest error we will support his findings.
The judgment of the District Court 'is affirmed at appellant’s cost.