HOOD, Judge.
This is an expropriation suit instituted by the State of Louisiana, through the Department of Highways, under the provisions of the Highway Expropriation Act (LSA-R.S. 48:441 et seq.). The defendants named in the suit are Oscar Bourque, owner of the property taken, and George W. Huffman, Jr., alleged to be the lessee of such property. Two other parties intervened, but prior to the trial the claims of Huffman and the intervenors were settled or otherwise disposed of, leaving the owner, Oscar Bourque, as the only remaining defendant
The order of expropriation was signed and the required deposit was made by plaintiff on April 2, 1958. The property taken by plaintiff is a lot having a frontage of 100 feet on U. S. Highway 90, by a depth of approximately 142 feet, located approximately two and one-half miles west of the City of Lake Charles, in Calcasieu Parish. The improvements on the property at the time of the taking consisted principally of a 32 by 50 foot concrete block building, constructed in 1955, a septic tank, filter bed and a butane tank. All of the experts agreed that the highest and best use of the property at that time was for commercial purposes.
Plaintiff deposited the sum of $28,750 with the Clerk of Court as just compensation for the property taken. Defendant filed an answer demanding that he be awarded the total sum of $100,000. The trial court rendered judgment decreeing that the land taken had a value of $15,000 and and that the improvements had a value of $18,000, making a total value of $33,000 at the time of the taking. Judgment accordingly was rendered awarding defendant the sum of $4,250 in addition to the amount which had previously been deposited. Plaintiff has appealed from that judgment. The only issue presented on this appeal re *786 lates to the value of the property expropriated.
Defendant produced the testimony of C. M. Handley, Dalton J. LeBlanc and Rowland Preis, all of whom were qualified and testified as experts in the appraisal of real estate, except that Handley and Preis were not permitted to express opinions as to the value of the improvements located on the subject property. Plaintiff introduced the testimony of Leonard E. Pauley, Forrest K. White and W. B. Coleman as experts, White testifying only as to the value of the land, without the improvements. All of these witnesses apparently agreed that the property should be appraised on a front footage basis, it having a frontage of 100 feet on U. S. Plighway 90, and that the land should be appraised separately from the improvements.
Messrs. Handley and LeBlanc appraised the land, without improvements, at $250 per front foot, making a total value of $25,000. Mr. Preis valued the land at $300 per front foot, or a total of $30,'000. Messrs. Pauley and Coleman each valued the land, exclusive of improvements, at $130 per front foot, or a total value of $13,000, and Mr. White appraised the land at $115 per front foot, estimating it to be worth $11,500 at the time of the taking.
The trial judge concluded that the land had a value of $150 per front foot, or a total value of $15,000, at the time of the taking, and accordingly an award was made on that basis. Plaintiff contends that the trial judge erred in considering the testimony of the experts produced by defendant, because it contends that the expert opinion of each of those witnesses is unsupported by comparable sales, is not well reasoned or well grounded and is not based on any of the accepted methods. of appraising real estate.
The record reveals that the expert witnesses called by the defendant have been licensed realtors in this area for a number of years, but the experience of at least two of them has been primarily in marketing rather than appraising real estate. They have had little formal training in the appraisal of property, Mr. Preis having had more experience in appraising but less formal training than the others, and it is apparent that their opinions as to the value of the subject property were formed with a minimum of study or preparation. Mr. Handley, for instance, in forming his opinion as to the value, apparently considered only two prior sales, both of which affected property located several miles from the subject property. Mr. LeBlanc considered only one other sale, which sale was completed approximately ten months after the taking. Mr. Preis referred generally to sales in the area of the subject property, but it appears from his testimony that he made no effort to adjust these sales to the subject property to take into account their physical comparisons. See State, Through Department of Highways v. Havard, 239 La. 133, 118 So.2d 131. Two of the experts called by plaintiff, Messrs. Pauley and Coleman, in arriving at their conclusions as to the value of the subject property, considered numerous sales of property in that vicinity, nineteen of which they considered to be comparable. They testified that they used the market data approach, the income approach and the cost approach in forming their opinions. The record does not disclose what method was used by plaintiff’s remaining expert in appraising this property.
It is apparent that the trial judge gave some consideration to the opinions expressed by defendant’s expert witnesses, but it is also apparent that he attached less weight to their testimony than was given to the opinion expressed by the other experts.
In discussing the consideration which should be given to expert testimony, the Supreme Court, in State, Through Department of Highways v. Stoer, 238 La. 718, 116 So.2d 498, 501, said:
“ * * * the rule that consideration must be given to the opinions of all of *787 the experts applies only where the opinions are well grounded from the standpoint of good reasoning.”
In Housing Authority of New Orleans v. Boudwine, 224 La. 988, 71 So.2d 541, 543, the court said:
“Moreover, the opinion of each witness qualified and accepted as an expert should be given, effect if and when it appears to be well grounded from the standpoints of sincerity and good reasoning.”
Also, in State, Through Department of Highways v. Hub Realty Co., 239 La. 154, 118 So.2d 364, 368, it was held that:
“The rule here is that the testimony of each expert should be given effect if that testimony appears to be well reasoned and sincere. However, if the expert testimony impresses the court unfavorably, it will be disregarded.”
The testimony of the expert witnesses called by defendant in this case obviously was not as well grounded from the standpoint of good reasoning as was the testimony of the experts who testified for plaintiff. Defendant’s experts, however, unquestionably were sincere and, although it appears that they did not give proper consideration to comparable sales in that area, their opinions were based upon their experience in marketing real estate in the vicinity of the subject property for a number of years. We feel that the trial court was correct in considering their testimony, but in giving it less weight than that which was accorded the testimony of the experts called by plaintiff.
Plaintiff contends that the trial judge erred in considering as a comparable sale a conveyance from Jack Stevenson, et ux., to the Louisiana Department of Highways, dated January 30, 1958, purporting to transfer to plaintiff a tract of land in the vicinity of the subject property for a consideration of approximately $170 per front foot. Counsel for plaintiff argues that since that sale was made to an expropriating authority and was made under threat of expropriation it is not controlling as a comparable sale.
The jurisprudence of this state has been established to the effect that a sale made to the condemning authority, under the threat of expropriation, is not a “willing seller” transaction, and is therefore not controlling as a comparable sale. State v. Dowling, 205 La. 1061, 18 So.2d 616; Orleans Parish School Board v. Paternostro, 236 La. 223, 107 So.2d 451; Parish of East Baton Rouge v. Edwards, La.App. 1 Cir., 119 So.2d 175.
Although the sale from Stevenson to the Department of Highways was considered by the trial judge, it appears from his written reasons for judgment that it was not considered as controlling. In fact, the trial court determined that the subject property had a value substantially less than the price paid in connection with that transaction.
We find no manifest error in the conclusion reached by the trial judge that the property being taken here, exclusive of improvements, had a value of $150 per front foot or a total of $15,000.
Defendant, Oscar Bourque, testified that the improvements located on this property were constructed by him in 1955 at a cost of $22,895. Mr. LeBlanc, testifying in defendant’s behalf, valued the improvements at $21,200. Mr. Pauley valued the improvements at $16,500, and Mr. Coleman valued them at $15,000. The trial judge concluded that the improvements had a value of $18,000 at the time of the taking, and we feel that the evidence supports that conclusion.
We conclude, as did the trial judge, that the property taken by plaintiff in this proceeding, including improvements, had a total value of $33,000 at the time of the taking, and that the trial court correctly awarded defendant the sum of $4,250 in addition to the amount which had previous *788 ly been deposited by plaintiff m the registry of the court.
For the reasons herein assigned, the judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
Affirmed.
On Application for Rehearing.
Rehearinsr denied en Banc.