FRUGÉ, Judge.
This is an expropriation suit in connection with the construction of a new concrete paved highway beginning at Fifth Street in the City of Alexandria and extending northerly along the proposed location of State Route Louisiana 3026, designated as State Project 23-01-05, Alexandria-Pineville Highway. The plaintiff has expropriated in full ownership the property of defendant fronting on Fourth Street and Fulton Street in the City of Alexandria. In connection with the proceeding plaintiff deposited in the registry of the Court the sum of $15,500, which it is alleged is full and just compensation for the expropriated property and which defendant in accordance with an order of court, has withdrawn and accepted without prejudice to her rights. The trial court awarded the defendant landowner $20,000 for the land taken; the plaintiff Department appeals from the award as excessive; while by answer to the appeal the defendant prays that the award be increased to $24,000.
The neighborhood is an old residential area adjacent to the earlier business area of Alexandria. The area being expropriated consists of a tract fronting 143.86 feet on Fourth Street by a depth of 106.66 feet on Fulton Street, and was occupied by a one story frame apartment building containing three apartments and a one story frame house and garage.
Mrs. Crockett occupied the single dwelling as her home. From the apartments she received a total rental income of $120 per month. After learning that her property-was to be taken she moved out of her residence and rented it for a short period of' time for $55 per month.
The following description which is incorporated in the trial judge’s opinion (Tr. 55) appears to reasonably portray the buildings, and their condition at the time of the expropriation :
“ * * * [t]he house at 1516 Fourth Street is developed with a five room, one bath, single story, single family residence. The outside is frame construction which * * * at * * * the time of the appraisal needing paint. It is on brick pier foundation — the-foundation was a 1 x 12 16 inch on cen-- *343 ter. The interior has double floors— the finished floor being select oak. The ceilings are approximately twelve feet high with wooden walls and wallpaper and canvas. The decoration was in good condition. The kitchen had linoleum floor — cabinets in the kitchen, wood construction with marble top. Had a large hall that served as the family room or den. Had one floor furnace, 50,000 BTU floor furnace. Had an attic fan. The bathroom walls and ceiling were ceramic tile. It was in need of repair. They had a screened front porch with metal blinds. The roof was of gable construction with asbestos shingles. It had gutters. The outside steps were of concrete. Had a garage with concrete floor, concrete drive and walk, had a fish-pond and the outside siding was made of cypress * * * It was in good condition other than it needed painting on the outside and the bathroom needed — the tile needed repairing.”
We further quote the opinion of the trial court:
“While no definite age of the buildings is established, the evidence indicates that they were at least fifty years old. Both buildings were renovated in 1943. While there are some differences in the figures given by the witnesses, it appears that the dwelling house contained a floor area of approximately 1600 square feet, while that of the apartment building was approximately 2,000 square feet.”
The appraisers for the defendant maintain that there were no sales of comparable properties upon which they could rely in order to determine the market value and therefore under the circumstances the cost of construction of the improvements constituted an accurate guide to the market value of the improvements.
One of the defendant’s appraisers, using the cost of replacement of improvements, testified that the market value of the expropriated property was $23,408.58 and the other, by the same method, $22,000.
The appraisers for the State allege (but do not prove to our satisfaction) that there were several sales of similar property in the immediate area which accurately indicate the market value of the expropriated property. The appraisers called by the State claim that cost of improvements approach is an unreliable method of arriving at the market value; nevertheless one of the state’s appraisers by employing the cost approach arrived at a value of $15,500; the second appraiser arrived at a value of $15,-900. Relying on the “comparable sales” method, the first appraiser for the State found that the lot with two houses “could not be worth more than $15,500”; the other appraiser for the State using the “comparable sales” method found the property to be worth $15,000.
Generally, the measure of compensation to be awarded in expropriation proceedings is the market value of the property — that is, the price which would be agreed upon at a voluntary sale between any owner willing to sell and a purchaser willing to buy. The best guide in determining the market value to which the owner is entitled under the law in expropriation suits is evidence of sales of similar (or comparable properties) in the vicinity, if there are any; (see State, Through Department of Highways v. Havard, 239 La. 133, 118 So.2d 131). The State avers that the trial court erred in not using the market value advanced by the State’s appraisers and purportedly predicated upon the recent sales of similar property in the area; since it was not satisfactorily proved that there were recent sales of similar property in the area, we think that the trial court was correct in not relying on the method advanced by plaintiff. In State, Through Department of Highways v. McNeely, La.App., 130 So.2d 136, 139, the court stated: “In many instances, however, comparable sales of properties in the vicinity which furnish the criteria for the market data approach are not *344 available for arriving at the market value of the property taken, and in such instances other methods * * * must he resorted to.”
In State v. Landry, 219 La. 456, 53 So.2d 232, 236, the Court states:
“We are aware, of course, that there are several kinds of evidence which may be taken into consideration in determining the value of property which has to be condemned in an expropriation suit. Counsel for the State lists seven different kinds in their brief and they state that all except one was introduced either by plaintiff or the defendants, or both in this case. It is a fact that there is a smattering of proof by other evidence of values but the real and substantial proof on which the judgment will have to rest arises out of the testimony of the various expert witnesses on both sides. What proof there is of other sales of property of a similar character in the vicinity and of rental values, is not sufficient to be of any aid in assisting the Court in fixing a true value.”
Certainly where there are no recent comparable sales by which to appraise the current market value of property in expropriating proceedings, the trial court can evaluate testimony of expert appraisers appointed by both sides or by the court; these appraisers may establish market value by determining what an investor in the open market might pay for said property based on capitalization of net rental income to be expected therefrom, or a valuation may be arrived at by computing the estimated reproduction cost of the improvements less depreciation plus the value of the lot itself.
In Housing Authority of New Orleans v. Boudwine, 224 La. 988, 71 So.2d 541, 543 the court stated:
“The greater part of the evidence adduced at the trial consisted of opinions of experts, and on them the decision herein hinges. Testimony of this nature is admissible and is often resorted to in fixing value in expropriation proceedings. Moreover, the opinion of each witness qualified and accepted as an expert should be given effect if and when it appears to be well grounded from the standpoints of sincerity and good reasoning. City of New Orleans v. Larroux, 203 La. 990, 14 So.2d 812, State v. Landry, 219 La. 456, 53 So.2d 232, and Housing Authority of New Orleans v. Brinkmann (Young) [224 La. 262, 69 So.2d 37], supra.”
The lower court after reviewing the testimony and evidence rejected the appraisal of both plaintiff and defendant and made an award of $20,000.
In his brief, counsel for the State makes-the following argument: “The Court reviewed the testimony and awarded (the landowner) $20,000, an increase of $4,500' over the highest appraisal secured by the-State, apparently upon some sort of averaging approach.” After reviewing the record we conclude that the trial court thoroughly and correctly evaluated all evidence- and did not make an award solely on an “averaging approach” of the property values presented by plaintiff and defendant.
 The trial court’s factual determination as to the value of the property expropriated, reached after seeing and hearing the witnesses and experts as well as-considering all factors and circumstances-surrounding the expropriation, is entitled' to great weight, — and will not be disturbed-on appeal unless the Court of Appeal is-convinced after a careful consideration of all of the evidence that the findings are obviously wrong. After studying the evidence and the testimony of plaintiff’s expert witnesses and defendant’s expert witnesses, this court finds that the conclusions-reached by the lower court are correct and the award was neither manifestly excessive-nor manifestly insufficient.
The judgment appealed from is affirmed at cost of plaintiff-appellant.
Affirmed.