168 So.2d 430 (1964)
STATE of Louisiana, through DEPARTMENT OF HIGHWAYS, Plaintiff and Appellant,
v.
Lee Roy DODGE, Defendant and Appellee.
No. 1246.
Court of Appeal of Louisiana, Third Circuit.
October 27, 1964.
*432 Jesse S. Moore, Jr., of D. Ross Banister, Glenn S. Darsey, Brunswig Sholars, Norman L. Sisson, Ben C. Norgress, Baton Rouge, for plaintiff-appellant.
Andrus & Pavy, by H. Garland Pavy, Opelousas, for defendant-appellee.
Before CULPEPPER, SAVOY and HOOD, JJ.
HOOD, Judge.
This is an expropriation suit instituted by the State of Louisiana, through the Department of Highways, under the Highway Expropriation Act (LSA-R.S. 48:441 et seq.). The order of expropriation was signed and the required deposit was made on March 20, 1961.
Plaintiff deposited the sum of $2,360.00 with the Clerk of Court as just compensation for the property taken. The defendant answered demanding that he be awarded $4,059.50 for the property taken and the additional sum of $10,629.24 as severance damages. After trial, the trial judge concluded that the land taken had a value of $3,247.60, and that as a result of the taking the remainder of defendant's property was damaged in the amount of $1,200.00. Judgment accordingly was rendered condemning plaintiff to pay to defendant the sum of $2,087.60 in addition to the sum which it previously had deposited. Plaintiff has appealed, and defendant has answered the appeal demanding that the amount of the award be increased.
The issues presented on this appeal relate to the value of the property taken and to the amount of severance damages, if any, sustained by defendant as a result of the taking.
The property taken by plaintiff consists of two tracts of land located near Sunset, in St. Landry Parish, Louisiana. The area of one of these tracts is .766 acres, and the area of the other is 7.353 acres. The two tracts were formerly parts of a 118-acre farm owned by the defendant. The property taken by plaintiff in this proceeding may be described roughly as a 300 foot strip of land running north and south through defendant's farm. The construction of a highway in that location will have the effect of dividing the farm into two tracts, with approximately 40 acres of defendant's remaining land on the west side of the highway and approximately 70 acres on the east side.
Prior to the taking, defendant had used practically all of the 118-acre tract of land for farming purposes and for raising cattle. A water pond and pen facilities, used by defendant in his cattle raising operations, had been constructed and were located in the eastern portion of such property. The 7.353 acre tract expropriated by plaintiff was high land suitable for farming, and the .766 acre tract was low wooded land which occasionally flooded and was not suitable for farming purposes.
Four expert real estate appraisers testified at the trial, two testifying in behalf of plaintiff, and two in behalf of defendant. All of the appraisers agree that the highest and best use of the property is for farming purposes. The appraisers called by plaintiff placed a value of not more than $300.00 per acre on both tracts, while the appraisers called by defendant valued the larger tract at $450.00 per acre and the smaller one at $300.00 per acre. The trial judge concluded that the defendant was entitled to an award of $400.00 per acre for the property taken, and an award was made to defendant for the taking based on that value.
Plaintiff contends that the trial judge erred in according weight to the testimony of the experts called by defendant for the the reasons: (1) That the testimony of those experts is not well grounded from the standpoint of good reasoning; and *433 (2) that their opinions as to the value of the subject property were based on sales of other tracts to an expropriating authority and on a sale which was made after the date of the taking.
The rule applicable here is that the testimony of each expert should be considered and given effect if that testimony appears to be well grounded from the standpoint of sincerity and good reasoning. The expert testimony may be disregarded, however, if it impresses the court unfavorably. State, through Department of Highways v. Bourque, La.App. 3 Cir., 127 So.2d 784; State, through Department of Highways v. Stoer, 238 La. 718, 116 So.2d 498; and Housing Authority of New Orleans v. Boudwine, 224 La. 988, 71 So.2d 541.
Both of the appraisers who testified in behalf of defendant have been licensed real estate brokers in St. Landry Parish for a number of years, and they apparently have had considerable experience in appraising real estate and in handling land transactions in that area. In appraising the property which is the subject of this suit each of these experts considered four sales of property in that immediate vicinity. One of the sales which they considered as comparable was completed in January, 1964, almost three years after the taking. Two of the transactions which they considered, although completed before this proceeding was instituted, were sales to the Department of Highways, the expropriating authority in this suit, and the tracts sold were to be used in constructing the same highway for which defendant's property is to be used. The remaining sale was completed in 1956 and no question is raised as to its relevancy.
We agree with plaintiff that the sale which took place after the taking is of doubtful value, because it transpired after the proposed highway development had become public knowledge, and the fact that such a highway would be constructed may have affected the sale price. See State, through Dept. of Highways v. McDuffie, 240 La. 378, 123 So.2d 93.
Our jurisprudence is settled, however, that a sale to an expropriating authority under the threat of expropriation may be considered by the expert appraisers in arriving at an opinion as to the value of the property taken, but that such a sale is not controlling as a comparable sale since it is not a "willing seller" transaction. State v. Dowling, 205 La. 1061, 18 So.2d 616; Orleans Parish School Board v. Paternostro, 236 La. 223, 107 So.2d 451; and State, through Dept. of Highways v. Bourque, La. App. 3 Cir., 127 So.2d 784.
The evidence shows that there have been relatively few sales of land in the vicinity of the subject property. The experts called by plaintiff listed six sales which they considered as comparable, but the property affected by each such transaction is located at some distance from the subject property. It was necessary for the appraisers to make some adjustments in order to consider them as comparable sales, and there is a dispute as to whether those sales are more indicative of the value of the subject property than are those considered by defendant's appraisers. It is apparent from the testimony of defendant's appraisers that they did not base their conclusions as to the value of the subject property solely on the four comparable sales which they listed, but that they based them also on their experience and general knowledge of land values and the demands for real property in that area as well as on the sales of other lands.
The testimony of the appraisers called by defendant indicates to us, as it apparently did to the trial judge, that these experts were sincere and that their opinions as to the value of the subject property are well grounded from the standpoint of good reasoning. We conclude, therefore, that the trial judge did not err in considering the opinions as to value expressed by the two appraisers called by the defendant.
*434 We agree with the trial judge that defendant is entitled to an award based on a valuation of $400.00 per acre for the property taken. Although none of the appraisers valued the .766 acre tract at more than $300.00 per acre, we assume that the trial judge considered that fact in determining that the award should be made based on an average or overall figure of $400.00 per acre, and we consider the award to be fair and adequate for the taking.
In his reasons for judgment, the trial judge concluded that the defendant should be allowed the additional sum of $1,200.00 as "special damages" resulting from the taking, this award being based particularly on the fact that defendant's farm was being divided into two smaller tracts, one of them having no water or pen facilities for raising cattle. Plaintiff contends that the court erred in awarding defendant "special damages," rather than allowing him the difference between the market value of the remaining property immediately before and immediately after the taking.
Our jurisprudence is settled that the severance damages allowable as a result of an expropriation is the difference between the market value of the property immediately before and its diminished value immediately after the taking. The severance or consequential damages to the remaining property cannot be presumed, and such damages will not be awarded unless the owner shows by competent evidence that the value of his remaining land has been diminished by the taking. City of Alexandria v. Jones, 236 La. 612, 108 So.2d 528; State, through Dept. of Highways v. Gani, La.App. 3 Cir., 138 So.2d 683; State, through Dept. of Highways v. Davis, La.App. 3 Cir., 149 So. 2d 164; and State, through Dept. of Highways v. Levy, 242 La. 259, 136 So.2d 35.
The evidence in the instant suit shows that it is necessary to have water and pen facilities in order to properly raise cattle. Defendant testified that the division of his farm into two separate tracts by the construction of the proposed highway would leave him without water or pen facilities on that portion of his property located west of such highway. He testified as to the expense which he would have to incur in order to construct those facilities on the western portion of his property, and he stated that it is necessary for them to be constructed in order to enable him to continue to use that part of the property for raising cattle. The award made by the trial court was approximately the cost of constructing these facilities.
Although the trial judge used the term "special damages" in his reasons for judgment, we note that in the formal decree which was signed the award of $1,200.00 was made for "damages to the remainder of the property." It is not clear, therefore, as to whether the trial judge intended to compensate the defendant for the expenses which he would have to incur in order to continue to use his property for the same purposes for which it had been used, or whether the award was intended to compensate defendant for the diminished value of his remaining property as a result of the taking. Regardless of what was intended by the trial court, however, we think the evidence shows that that portion of the defendant's remaining property located west of the proposed highway would be diminished in value by the sum of approximately $1,200.00 as a result of the taking, and thus the award made by the trial court is justified by the evidence.
The expert appraisers called by the defendant testified that the division of defendant's farm into two separate tracts by the construction of this highway would have the effect of reducing the value of his remaining property from five to eight per cent of its original value. According to their testimony, the remaining property had a value originally of $33,000.00, and as a result of the taking there would be a decrease in value of from $1,650.00 to $2,640.00. The reasons assigned by them for arriving at this conclusion are that smaller tracts are less desirable than larger ones for farming purposes, that there are no water *435 or pen facilities on the western portion of the property, that it would be necessary for the owner of the land to construct these facilities in order to continue to use the property for its highest and best use, and that a prospective purchaser having this knowledge would pay less for that portion of the original farm. We agree that the lack of water and pen facilities is an important factor which would be considered by a prospective purchaser of the western portion of the property, and that the division of defendant's farm into two separate tracts does have the effect of reducing the value of at least the western portion of the remaining land.
Plaintiff argues, however, that the construction of the highway would enhance the value of the remaining property, and that this enhancement in value would more than offset the damages occasioned by dividing defendant's property into two separate tracts. That argument is supported by the testimony of plaintiff's appraisers, both of whom testified that prior to the taking the subject property did not front on a public highway, that after the construction of the highway that portion of defendant's remaining property which fronts on the new thoroughfare may have some added value for use as homesites or for commercial purposes.
The trial judge concluded that the question of whether the construction of the highway would enhance the value of defendant's remaining property was "too speculative," and for that reason he rejected plaintiff's argument that the damages sustained by defendant had been offset by an enhancement in value. The trial court found that the highest and best use of the property after the construction of the highway would continue to be for farming and for cattle raising purposes, and that the division of this farm into two separate tracts would have the effect of diminishing its value. We cannot say that the court erred in arriving at that conclusion, and accordingly we affirm the award made to the defendant by the trial court as damages to the remaining property.
For the reasons herein assigned the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
Affirmed.