HOOD, Judge.
This is an expropriation suit instituted by the State of Louisiana, through the Department of Highways, against Mondel, Inc., pursuant to the provisions of LSA-R.S. 48:441-460. Plaintiff deposited $60,801.00 as the estimated value of the property taken and severance damages. Defendant answered, and after trial, judgment was rendered by the district court awarding defendant $114,450.00, subject to a credit for the amount deposited. Plaintiff appealed. Defendant answered the appeal, praying that the amount of the award be increased.
This case was consolidated for trial and appeal with another expropriation suit instituted by the Department of Highways against Hab Monsur Corporation. We are rendering a separate judgment in the companion suit on this date. See State of Louisiana, through the Department of Highways v. Hab Monsur Corporation, 262 So.2d 563 (La.App.).
After these appeals were perfected, the defendant in each suit joined in a motion filed in this court to remand both of these cases to the trial court in order that the complete testimony of at least two witnesses could be taken and placed in the transcript. They allege in that motion that considerable portions of the testimony of W. C. Webb and Habeeb Monsur, Jr., two expert appraisers who testified at the trial, are not included in the transcript because of the failure of the recording machine to function properly. They contend that the missing testimony is material and is vital to the interests of defendant in each case, especially in view of the deci *562 sion which this court rendered recently in State, Department of Highways v. Monsur, 258 So.2d 162 (La.App. 3 Cir. 1972).
An examination of the record reveals that substantial parts of the testimony of each of these witnesses was not recorded and is not in the record, through no fault of defendants. The principal question presented in each case relates to the value of the property taken and severance damages. The testimony of each of these expert appraisers is material to that issue. We hold that defendants are entitled to have both cases remanded in order that the transcript can be completed.
The Department of Highways contends that upon the remand of these cases to the trial court the defendants should be limited to completing the testimony of the two experts previously called by them, but that plaintiff should be permitted to amend its petition in the instant suit “to show the value of the property taken as a part of the whole (not as front land) and to submit testimony in accordance with such amendment” and in accordance with this court’s judgment in the above cited case.
The Quick Taking Statute (LSA-R.S. 48:441-460) is a special statute designed for a particular purpose, and we think it should be liberally construed so as to afford all parties full opportunity to present their respective positions, without infringing upon the substantive rights of others. In this instance we think the Department of Highways should be afforded an opportunity to amend its petition and to present additional evidence as it seeks to do. See LSA-C.C.P. art. 1151; State through Department of Highways v. Baddock, 170 So.2d 5 (La.App. 1 Cir. 1964); State through Department of Highways v. Christ Baptist Church, 197 So.2d 83 (La.App. 1 Cir. 1967).
After this case was tried and decided by the trial judge, we rendered judgment in State, Department of Highways v. Medica, 257 So.2d 450 (La.App. 3 Cir. 1972); and State, Department of Highways v. Monsur, 258 So.2d 162 (La.App. 3 Cir. 1972). Neither the appraisers nor the trial judge were aware of those decisions when the instant suits were decided. Defendants base their motion to remand partly on one of those decisions, and plaintiff contends that because of those cases it should be permitted to amend its pleadings and submit additional proof. We feel that the ends of justice would be served best by reversing the judgment appealed from in each of these cases, and remanding each case to the trial court for additional evidence, to be presented by either party, as to the value of the parcels of land being taken and as to the amount of severance damages which may have been sustained by defendant. We do not feel that the defendant in either suit should be limited to merely completing the testimony of the witnesses who were called at the first trial, and we believe that plaintiff should be permitted to present additional evidence relevant to these issues.
For the reasons herein assigned, the judgment appealed from in the instant suit is reversed, and the case is remanded to the district court for further proceedings and for judgment in accordance with the views expressed in this opinion. All costs, including those incurred in the trial court and on this appeal, are to be assessed when final judgment is rendered.
Reversed and remanded.