307 So.2d 393 (1975)
CITY OF NEW IBERIA, Plaintiff-Appellant,
v.
Aleen Lebourgeois YEUTTER and Paul A. Lebourgeois, Jr., Defendants-Appellees.
No. 4860.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1975.
Henry A. Bernard, Jr., New Iberia, for defendants-appellees.
Armentor & Wattigny by Minos H. Armentor, New Iberia, for plaintiff-appellant.
Before FRUGE, DOMENGEAUX and WATSON, JJ.
FRUGE, Judge.
This is an expropriation action filed by the City of New Iberia against Aleen Lebourgeois Yeutter and Paul A. Lebourgeois, Jr. The defendants are owners of a parcel of land in downtown New Iberia which the City desires to expropriate in connection with a downtown improvement project. The defendants resisted the expropriation on grounds that the taking was not for a public purpose, and that the expropriation was being made pursuant to an invalid referendum election. The defendants also resisted the $24,000 price offered by the City for the property. The trial court found for the plaintiff on the issue of the validity of the expropriation and found that defendants were entitled to $45,000 as just compensation.
Both parties appealed. The City appealed devolutively on the issue of valuation. The defendants attempted to appeal suspensively. The City moved to dismiss the defendants' appeal on the grounds that under La.R.S. 19:13 there is no right to a suspensive appeal in an expropriation case. This court at 303 So.2d 537 dismissed the defendants' suspensive appeal but maintained a devolutive appeal.
At oral argument counsel for the defendants served notice that they would no longer contest the validity of the expropriation. The only issue before this court *394 therefore is the amount of compensation due.
The City contends that the $45,000 awarded by the trial court is excessive. The defendants on the other hand contend that they are entitled to the rental income which the property would produce in addition to the $45,000.
At trial three appraisers testified; two testified in behalf of the City and one testified on behalf of the defendants. All agreed that the highest and best use of the land was retail commercial. One City appraiser valued the property at $24,300; the other valued it at $22,000. However, both appraisers revalued the property at $30,000 at trial upon learning that the property was under a five-year lease. (The lease was not recorded at the time the appraisals were made.) The appraiser for the defendants valued the property at $45,000.
The trial court found that all three appraisers were competent. After hearing the evidence, he nevertheless accepted the $45,000 valuation made by the defendants' appraiser. After a study of the record and the written reasons given by the trial court, we are not able to say that the trial judge was manifestly erroneous in his finding.
The City contends that the trial court erred in rejecting the comparable sales it offered and in finding there to be an upswing in land values in downtown New Iberia. The comparables rejected by the trial court involved sales made under the threat of expropriation. The City contends that sales to expropriating authorities may be considered and cites: State Through Dept. of Highways v. Martin, 215 So.2d 142 (La.App.3rd Cir. 1969); State Through Dept. of Highways v. Vallon, 182 So.2d 705 (La.App. 4th Cir. 1966), and State Through Dept. of Highways v. Dodge, 168 So.2d 430 (La.App.3rd Cir. 1964).
These cases do hold that sales to an expropriating authority may be considered in determining valuation, but also state that these sales are not controlling. We note that the sales involved in the dispute before us were not made to an expropriating authority. They were sales between individuals but were made at a time when the parties knew of the threat of expropriation. The trial judge obviously felt that this affected the price paid and that these sales would not aid in establishing the fair market value of the property in question. In these circumstances there was no manifest error in excluding these sales as comparables. See: State Through Dept. of Highways v. Dodge, 168 So.2d 430 at 433 (La.App. 3rd Cir. 1964).
On the question of the upswing in downtown property values in New Iberia, there was conflicting evidence at trial. The appraisers for the City were of the opinion that property values were depreciating while the appraiser for the defendants felt that prices had bottomed out four years before the trial and were on the upswing again. In his reasons for accepting the upswing in value, the trial judge noted that the low point in land values was reached when merchants would acquire land and buildings and tear down the buildings for land space. The trial judge accepted the defendants' appraiser's testimony that this low point had been reached four years prior to trial and that values were now on the increase. Although the City attacks this conclusion, there is support for it in the record and the trier of fact is in a much better position to evaluate the conclusion than is this court. We find no error.
The City also contends that some of the comparables used by the trial judge were not arms-length transactions and should not be accepted as comparables. We note, however, that the trial judge relied heavily on the sale of the Burgess Southern Cab Building to J. Huck. This sale was an arms-length transaction. This sale and other arms-length sales relied on by the trial judge adequately support his $45,000 valuation.
*395 We conclude that the trial court committed no manifest error in valuing the expropriated property at $45,000.
We now turn to defendants' contention that they are entitled to damages over and above the $45,000 awarded by the trial court. At the time of trial the defendants' property was under lease to Liberty Loan Corporation for $300 per month with a primary term of 40 months remaining on the lease. In addition there was an option to renew the lease for an additional 60 months at $350 per month. Defendants contend that they are entitled to $30,030 in damages for loss of future rent in addition to the $45,000 fair market value.
Although the defendants admit that damages for loss of future rent has been held not to be a proper item of damages, they contend that the recent case of Parish of Jefferson v. Gonzales, 288 So.2d 65 (La. App. 4th Cir. 1974), has modified this rule. In that case property subject to a mortgage was expropriated. The owner, Gonzales, was receiving a disability income payment which included a payment of his monthly mortgage obligation. The court held that Gonzales had a vested interest to the receipt of these monthly mortgage payments, and the loss of this vested right through expropriation constituted a compensable damage.
Defendants contend that their right to rental income from the subject property is a vested right which will be lost due to the expropriation, and that they are therefore entitled to damages as a result of the loss of this right. They contend that no distinction can be made between the vested right recognized in Gonzales and their right in the lease of their property.
We do not agree. We think the holding in Gonzales applies to its peculiar facts but not to rental property which is expropriated. In Gonzales the landowner had purchased the rights he enjoyed under his policy of insurance. Due to his disability, his policy rights accrued. These were rights for which he had paid. If the expropriation had been allowed to cancel these rights, then the insurer's obligation under the policy would be cancelled simply by the fact of the expropriation although Gonzales had complied with all of his premium obligations under the policy.
The situation before us is different. No rights for which the defendants paid are being lost due to the expropriation. It is well settled that consequential injuries such as injuries to business are not compensable. State Through Dept. of Highways v. Acme Brick Company, 162 So.2d 37 (La.App. 1st Cir. 1964) and cases cited therein. We consider the loss of rents suffered by the defendants to be of this nature. As stated by the Supreme Court in State Through Dept. of Highways v. Hub, 239 La. 154, 118 So.2d 364, 369 (1960): "No compensation is awarded for loss of actual rents based on a percentage of actual business being done."
For the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendants-appellees.
Affirmed.