182 So.2d 705 (1966)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS
v.
Albert J. VALLON, Sr.
No. 2053.
Court of Appeal of Louisiana, Fourth Circuit.
February 7, 1966.
D. Ross Banister, Glenn S. Darsey, Ben C. Norgress, Baton Rouge, William W. Irwin, Jr., New Orleans, for plaintiff-appellee.
Deano & Ferlita, New Orleans, for defendant-appellant.
Before McBRIDE, REGAN, and SAMUEL, JJ.
REGAN, Judge.
The plaintiff, Louisiana State Department of Highways, instituted this appropriation suit against the defendant, Albert J. Vallon, Sr., endeavoring to be declared the owner of six unimproved lots of ground, which are to be used by it for the purpose of constructing a portion of the Franklin Avenue-Joffre Road section of the New Orleans-Paris Road Highway and its appurtenances on State Route I10, pursuant *706 to Article VI, Section 19.1 of the Louisiana Constitution of 1921 and R.S. 48:441-460.[1]
The plaintiff deposited the sum of $5,400.00 in the registry of the court as just and adequate compensation for the property expropriated, which the defendant, in due course, withdrew therefrom.
The defendant then answered and asserted that adequate compensation for the property taken was $20,000.00.
From a judgment in favor of the plaintiff confirming the fact that $5,400.00 represented adequate compensation and the market value of the property taken, the defendant has prosecuted this appeal.
The record reveals that the property consists of six contiguous, unimproved lots, designated as Lots 19 through 24 in Square B, East Highland Subdivision in the Third Municipal District of the City of New Orleans. Each lot measures 20 feet front on Catherine Street by 101 feet in depth so that the total frontage on Catherine Street is 120 feet. The rear of the lots abutts the property of the Louisville and Nashville Railroad and the square of ground in which these lots are located is bounded on the other two sides by McKain Street and Old Gentilly Road.
In the course of the trial hereof, the primary contention of the defendant was that he should be compensated for the property taken on the basis of its light industrial rather than its residential nature. This contention obviously emanated from the fact that the area is actually zoned "J-Industrial".
The plaintiff, on the other hand, points out that the nature of the property, together with its location and the use of the surrounding property, relegates it to the classification of residential.
In addition to his own testimony, the defendant offered the opinion of Junior J. Readeau, a real estate appraiser. He related that the property was light industrial and should therefore be valued at ninety two cents a square foot or for a total sum of $11,150.00.
In support of its position, the plaintiff offered the testimony of two real estate appraisers, namely, E. Holland Johnson and Harold S. Clark. The former valued the property at $43.75 a front foot, or $5,250.00, and the latter valued it at $45.00 a square foot, or a total of $5,400.00, the amount which was actually paid to the defendant.
The evidence clearly discloses that the property is situated in an established subdivision which is ninety eight percent developed for residential purposes. The residents in the area are both colored and white; the property is subject to flooding and it, in effect, acts as a drain toward the railroad tracks which abut the rear thereof.
We are convinced that the defendant should not be compensated for the taking predicated on the nebulous assumption that the property could be used for light industrial purposes. The size of the property is 12,120 square feet, which is most inadequate for the operation of most industrial businesses. Moreover, the street on which the property fronts is an inferior street and contains sparse blacktopping, so that access thereto by motor vehicles is not industrially practical. Finally, no evidence was adduced herein which would indicate any trend for industrial use in the area in the near future.
The comparable sales relied on by the defendant's expert were of no significant help to the trial court. One was a sale of property five or six blocks removed from this property which was acquired for the special purpose of enlarging the purchaser's premises for business reasons, and therefore is not a true comparable sale. This sale is also of dubious value as a comparison *707 since it occurred after the expropriations in the area became public knowledge.[2] Readeau also cited two other sales which were made to the expropriating authority, however, it is well settled that while these sales may be considered in determining value, they cannot be controlling.[3] Thus there were no recent comparable conventional sales and the cited ones were obviously unacceptable.
The foregoing illucidation reveals that the only pertinent question posed for the trial court's consideration was one of fact, and that is what constitutes the highest and best use of the property in conformity with the statutory law and the existing jurisprudence.
A dissection of the foregoing evidence would serve no useful purpose. Suffice it to say that the trial judge was confronted with the conflicting testimony of several real estate experts, and he chose to rely upon those offered on behalf of the plaintiff, and as a result thereof concluded that the defendant had utterly failed in his effort to prove that the property should be designated and valued as "light industrial".
The rule has crystallized in our jurisprudence that in an expropriation suit, the burden is upon the owner of the property to prove his claim to the satisfaction of the court. A trial judge's factual determination relative to the value of the property expropriated, reached after observing and digesting the testimony of the witnesses and experts as well as considering all facts and circumstances involving the expropriation, is entitled to great weight, and will not be reversed on appeal unless the appellate court is convinced after a careful consideration of all the evidence that the findings are obviously erroneous. After analyzing the evidence and the testimony of the plaintiff's expert witnesses in juxtaposition to the testimony offered by the defendant's experts, we are of the inevitable opinion that the conclusion reached by the lower court is correct and that the award was neither excessive nor insufficient.
For the foregoing reasons, the judgment of the lower court is affirmed. The defendant is to pay all costs of this appeal.
Affirmed.
NOTES
[1] State Route Louisiana I-10 is a portion of the national system of interstate and defense highways.
[2] See State through Department of Highways v. McDuffie, 240 La. 378, 123 So. 2d 93 (1960); State through Department of Highways v. Richard, La.App., 135 So. 2d 319 (1961).
[3] See Texas Gas Transmission Corp. v. Fuselier, La.App., 133 So.2d 828 (1961); City of New Orleans v. Paltron, La.App., 166 So.2d 61 (1964).