SCHOTT, Judge.
In this expropriation proceeding the only issue before us is the adequacy of the compensation awarded to defendant in the amount of $4500, defendant contending that it should be increased to $10,000.
The property consists of Lots 72 through 77 in Square 183 of Kenner Project Subdivision and measures 120 feet of frontage on the west side of Phoenix Street by 120 feet deep. Its north side is along the right of way of Interstate Highway 10 and its south side is 420 feet from Veterans Memorial Boulevard. Phoenix Street is a dedicated right of way but has not yet been constructed or opened to the public. On the east side of the Phoenix Street right of way, across from the subject property, are the rear property lines of residential lots in Susan Park Subdivision which was characterized' by plaintiff’s appraiser as “the predominant landmark in the area.”
Plaintiff’s appraiser valued the subject property at $37.50 per front foot as of the date of taking on June 21, 1972, and based his appraisal on 12 comparable sales between December 23, 1971, and June 6, 1972. In his testimony he qualified these comparables with the explanation that all of them were located on the south side of the Veterans Highway while the subject property is on the north side, and whereas the property on the south side is developed with streets and subsurface improvements so that “it can be marketed to builders or investors who want to build two-family dwellings on them,” the subject property is “vacant, unimproved property which is rather limited to a speculative market.” His comparables ranged between $30.66 per front foot and $65.40 per front foot for the raw land. He concluded that the average price among these sales was $50.00 and made a 25% downward adjustment, feeling that it was worth more than “inaccessible, undeveloped property” as he characterized the subject property. On the other hand, defendant’s appraiser valued the property at $10,000 based upon one sale *568 in March, 1972, of property on the south side of Veterans Highway for $61.50 per front foot and two other sales which post dated June 21, 1972, and which were properly disregarded by the trial court. This appraiser concluded that the property on the south side of Veterans Highway was selling for $64.00 a front foot and felt that the value of the subject property should be increased by $20.00 a front foot considering various factors which he felt made it more desirable than property on the south side.
The trial judge concluded that the evidence presented by the City was “overwhelming,” that he was impressed with the presentation by the appraiser for the City of Kenner, characterizing it as “a very logical argument to the Court of how he discounted the value of the properties that had improvements- already placed.” He referred to the fact that the defendant’s appraiser offered only one comparable sale “which certainly isn’t enough for the Court to base a judgment on when compared to a great number of sales.” Furthermore, he stated that he was not impressed with the defendant’s appraiser’s position that property on the north side of Veterans Highway was more valuable than property on the south side.
In our consideration of this appeal we are mindful of the following principles enumerated by this Court in State, Department of Highways v. Vallon, 182 So.2d 705 (La.App. 4th Cir. 1966):
“A trial judge’s factual determination relative to the value of the property expropriated, reached after observing and digesting the testimony of the witnesses and experts as well as considering all facts and circumstances involving the expropriation, is entitled to great weight, and will not be reversed on appeal unless the appellate court is convinced after a careful consideration of all the evidence that the findings are obviously erroneous.”
In our application of these principles we find no manifest error in the trial judge’s acceptance of the basic front footage appraisal of the property at $50.00 by plaintiff’s expert, but we do find error in his acceptance of the negative adjustment by 25% of that front footage evaluation because of the property’s location on the north .side of Veterans Highway.
In our review of the record we are satisfied that neither appraiser offered true comparable sales in support of his appraisal since there does seem to be a vast difference between property located on the north as opposed to property on the south side of Veterans Highway, and it is necessary to consider other facts and circumstances in order to arrive at the true value of the subject property. Housing Authority of New Orleans v. Boudwine, 224 La. 988, 71 So.2d 541. While we believe that the trial judge correctly disregarded some of the facts which were relied upon by defendant’s appraiser there were át least two factors to which the trial judge made no reference in his reasons and which should have been considered. The first of these was that the area on the south side of Veterans Highway is objectionable because of its proximity to the New Orleans International Airport, and the second was that the size of the subject property is ideal for subdivision into two 60 x 120 foot building sites suitable for the construction of double residences as authorized by the zoning classification of the property.
With respect to the closer proximity of the south side of Veterans Highway to the Airport, it appears that the northern boundary of the Airport is but two squares removed from the south side of Veterans Highway. Almost all of this property is zoned for residential doubles as is the subject property, and it seems only reasonable that the value of property zoned for residential purposes in close proximity to a major airport is depressed by the airport’s adverse environmental effects on the property. This seems to be borne out by a comparison between two of the plaintiff’s *569 comparables which were sales of almost entire squares of ground varying in price between $65.40 per front foot and $46.62 per front foot. In the case of the former property there is a buffer between it and the Airport of three whole squares whereas in the latter the south side of the square adjoins the north boundary of the Airport.
With respect to the size of the subject property which defendant’s appraiser characterized as “very practical to build on for the zoning that is adopted for it” it is significant that none of the comparables used by plaintiff’s appraiser is the same and none can be divided evenly into more than one building site of 60 x 120. Since defendant’s appraiser’s testimony in this connection seems reasonable and since it stood uncontradicted some weight should have been given to it.
We have concluded that whatever advantage may exist in favor of the tracts which were the subject of plaintiff’s com-parables and which are located on the south side of Veterans Highway are at least counterbalanced by the advantages the subject property has because of its location on the north side and because of its size, and therefore the basic evaluation of $50.00 per front foot is the proper amount to be awarded defendant for its property.
In support of its position defendant relies on evidence that it purchased the subject property for $10,000 in 1964 and argues that it must therefore have been worth at least that much on June 21, 1972. But in State, Department of Highways v. Addison, 136 So.2d 545 (La.App. 1st Cir. 1961) the following was said with reference to such evidence:
“Though the purchase price paid by the expropriatee is not evidence per se of the market value, certainly, in the absence of showing that the sale was ficti-itious, it is relevant evidence to be considered with other evidence in ascertaining the true market value, and in connection with the the testimony of Defendants’ experts it does not detract from the valuations placed on the property by them in ascertaining the value of the property, for the true criterion of value is the market value of the property at the date of the institution of the expropriation suit.”
While we have considered and weighed this evidence of defendant’s purchase price we are not persuaded by it in the light of the testimony of both appraisers.
Finally, both parties annexed to their briefs in this Court copies of sales which were not offered in evidence at the trial. They both contend that “New information may be introduced in that this Court may review questions of both fact and law in order to arrive at a fair market value” and that “anything else would serve as a taking of land without just compensation.” But this Court is limited by the plain provisions of LSA-Const. Art. 7, § 27, to a review of evidence introduced at trial and may not consider these additional documents sought to be filed for the first time in this Court. This evidence was available to the parties at the time of the trial and should have been offered by them if they considered it relevant and material to their respective positions. See Gallagher v. Gallagher, 248 La. 621, 181 So.2d 47.
Accordingly, the judgment is affirmed but is amended with respect to the amount which the trial court found as just, adequate and full compensation, so that the amount is increased to $6,000. Since plaintiff has already deposited $4500 into the registry of the trial court pursuant to the judgment appealed from, defendant is awarded legal interest on the difference of $1500 from June 21, 1972, until paid and for all costs of these proceedings including costs of this appeal.
Amended and affirmed.