SAVOY, Judge.
This is an expropriation suit brought by the State of Louisiana, through the Department of Highways, under the Highway Expropriation Act (LSA-R.S. 48:441 et seq.).
Through the expropriation, plaintiff acquired a total of 6.91 acres of defendant’s land for use in rerouting and blacktopping State Route La. 95, the Mamou-Chataignier highway.
In answer to plaintiff’s petition, defendant admitted the adequacy of the amount paid for the land actually taken, but sought severance damages. Defendant also filed a Motion to Dismiss, but it appears to have been abandoned, since no further mention is made of it in the record or briefs, and it is not pertinent to this appeal.
After trial on the merits, the lower court concluded that the remainder of defendant’s land was damaged to the extent of $2,350.00, and judgment was rendered accordingly, condemning plaintiff to pay that amount in addition to the sum previously deposited.
From that judgment, plaintiff has appealed, and defendant has answered the appeal, demanding that the award of severance damages be increased to $3,400.00.
The sole issue thus presented on this appeal is whether or not defendant sustained severance damages, and, if so, the amount thereof.
Before the taking, defendant’s land was a single tract of approximately one hundred twenty acres, used for rice farming and cattle grazing. After the taking, approximately nine acres were cut off from the then remaining larger tract.
Plaintiff contends that the presence of the blacktopped highway increased the value of defendant’s remainder so as to more than offset any severance damages. Defendant ' contends that the value of the remainder has been decreased; that the nine acres thus cut off are rendered practically useless; that the natural year-round water supply for his cattle, being located on the nine-acre tract, is now separated from the larger tract; and that it is, as a result, necessary to install and maintain an artificial water supply on the larger tract.
Four expert real estate appraisers testified at the trial, two for plaintiff, and two for defendant. From their testimony as a whole, it is apparent that the highest and best present use of the property is for farming and cattle grazing.
Beyond that, however, one of plaintiff’s experts felt that the nine-acre tract was worth $400.00 an acre after the taking, and that the tract had potential value for use as homesites or small residential estates. Plaintiff’s other expert testified that he felt that both remaining tracts would increase in value (as did the first expert) from $300.00 an acre before the taking to $325.00 an acre after the taking, with possible homesite potential for the nine-acre tract. Both of these opinions were based on an increase in value occasioned by special benefits arising from the presence of the blacktopped highway, specifically in the form of a higher market value per acre.
One of defendant’s experts testified that in the nine-acre tract, two acres had a value of $150.00 an acre before the taking, and $25.00 an acre after the taking; with the other seven acres thereof valued at $350.00 an acre before the taking, and $50.-00 an acre after the taking. Defendant’s other expert testified that the total one hundred twenty-acre tract was worth $36,-000.00 before the taking, and $33,300.00 after the taking, a diminution of $2,700.00, occasioned by splitting the original tract into two pieces, with the resulting nine-acre tract being a “big loss”.
Basically, then, the opposing views expressed by the experts are couched in terms *157 of special benefits arising from a blacktopped road on the one hand, and decreased value arising from the splitting of the former single tract on the other hand.
On cross-examination, defendant’s experts were questioned with regard to the proposition of the blacktopped road bringing about an increase in the market value of the remainder. Plaintiff stresses that testimony heavily in its brief, and takes the position that defendant’s experts agreed that there was an increase in value; thus, such special benefits should offset the severance damages awarded by the lower court. A careful study of the testimony, however, leaves some doubt. One of the experts did finally say that it is possible that the remainder could have been enhanced by $3,-900.00 under the general proposition that property located on an improved road is often increased in value by virtue thereof. The other expert said that it is possible that there was some enhancement, but that he could see but little, if any, arising in the instant case.
The trial judge took the view that, in any event, any increase in value to the remainder in the instant case should properly be considered as general benefits applicable to the community as a whole, rather than special benefits, and, therefore, not chargeable against severance damages. In general, we cannot agree with that view for the reason that in those cases in which an actual increase in value is shown, each separate owner who thereby benefits receives a special benefit applicable to his own estate, and the benefit is nonetheless “special” just because other owners are similarly favored. City of Natchitoches v. Cox (La.App., 3 Cir., 1961), 135 So.2d 302, and cases cited therein.
However, in the final analysis, the facts and circumstances of the instant case considered, we are of the opinion that the lower court’s award should be upheld for the following reasons.
First, while plaintiff’s experts felt that defendant’s remainder has potential value for homesites and residential purposes, the record shows that the subject property is located in a strictly rural area between one relatively small community, Mamou, and one very small one, Chataignier. It does not appear that there is likely to be any great or sudden demand in the nature of residential development at any time in the foreseeable future, and that the possibility of such development is more academic than real. Accordingly, we view plaintiff’s contention in that regard to be too speculative to sustain a finding of special benefits from that source. See State, Department of Highways v. Dodge (La.App., 3 Cir., 1964),. 168 So.2d 430.
Second, plaintiff’s experts were unaware-that the nine-acre separated portion of the-remainder was subject to periodic flooding before the taking, and that with the new road having been built up several feet, is now likely to flood to an even greater depth. Thus, the value of the nine-acre tract for residential purposes is problematical as well as speculative.
Third, it is clear from the record that the natural year-round water supply for defendant’s cattle raising operations, coming from a bayou abutting on the nine-acre tract, is now separated from the bulk of the remainder. Defendant testified that it will, as a result, be necessary to replace that supply as concerns the larger portion of the remainder. The evidence does not show how much the value of the land would be reduced because of this circumstance.
If wc are to reverse the lower court,, then, it must necessarily be done on the proposition that, in the instant case, the presence of a blacktopped, rather than a gravel, road has brought about a more or less automatic increase in the market value. We do not so view the evidence presented. In the light of all the facts, including the general character and location of the subject property, it would appear that the preponderance of the evidence leans toward a showing of damage rather than gain, and'. *158 we cannot say that the lower court was manifestly erroneous in its decision.
In his brief, defendant does not seriously ■complain of the amount of severance damages awarded, despite his answer to this ■appeal. The amount awarded seems reasonable under the evidence presented. It will not be disturbed.
Accordingly, the judgment of the lower court is affirmed; all costs of this appeal being assessed against plaintiff-appellant.
Affirmed.